IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBORAH (DC) C. BROIL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, KANSAS BUREAU )<br>OF INVESTIGATION AND ITS )<br>REPRESENTATIVES, )<br>)<br>Defendant. )<br>_____ ) | Case No. 24-2029-DDC-RES |

### DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Kansas Bureau of Investigation ("Defendant") hereby requests an order staying all discovery and any other related Rule 26 proceedings in this case, including any obligation to attend a scheduling conference, or to issue or respond to any discovery, until the District Court rules on its Motion to Dismiss. In support of the Motion to Stay, Defendant states as follows.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Deborah (DC) C. Broil, a former employee of the Kansas Bureau of Investigation (KBI), alleges that the termination of her employment with the KBI on December 5, 2022, constitutes race, ancestry, and color discrimination, sex discrimination, age discrimination, and retaliation based on an administrative complaint process she started on May 5, 2022. (Doc. 1 at 1, ¶ 5.) She also alleges that racial harassment, sexual harassment, and retaliatory harassment resulted in a hostile work environment. (Doc. 1 at 1.) Defendant has filed a Motion to Dismiss seeking dismissal of all claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity) or due to failure to state a claim.

**QUESTION PRESENTED**

Should discovery and any related Rule 26 proceedings be stayed, pending the resolution of Defendant's Motion to Dismiss, which raises the defense of Eleventh Amendment immunity?

**ARGUMENTS AND AUTHORITIES**

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case,
- "where the facts sought through uncompleted discovery would not affect the resolution of the motion," and
- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another such circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's

general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to resolve the threshold question of whether a defendant is entitled to immunity before subjecting the defendant to the burdens of discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

Here, the Court should stay discovery until it rules on Defendant's pending motion because that motion raises threshold issues likely to dispose of the claims in the case. The motion argues extensively that the Court lacks subject-matter jurisdiction over many claims and that Plaintiff fails to state a claim. Discovery will not aid the Court in deciding these matters, as they are questions of law, not fact.

Finally, Defendant raises issues of immunity. Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying a defendant's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). Defendant is entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (affirming stay of discovery where defendant raised sovereign immunity as a defense).

3

**CONCLUSION**

Until the Court decides the dispositive legal and jurisdictional issues raised in Defendant's motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Thus, the Court should grant this motion and enter an order staying discovery and any other Rule 26 activities in this case, including any obligation to attend a scheduling conference, or to issue or respond to any discovery, until it rules on Defendant's pending Motion to Dismiss.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Stanley R. Parker, KS No. 10971
Assistant Attorney General/Trial Counsel
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
stanley.parker@ag.ks.gov
(785) 296-6244
(785) 368-8423
Fax: (785) 291-3767
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of May, 2024, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record.

                */s/ Matthew L. Shoger*
                Matthew L. Shoger
                Assistant Attorney General