IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBORAH (DC) C. BROIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-2029-DDC-RES |
| | ) |
| STATE OF KANSAS, KANSAS BUREAU OF INVESTIGATION AND ITS REPRESENTATIVES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Kansas Bureau of Investigation (KBI) ("Defendant") submits this Reply in further support of its Motion to Dismiss (Doc. 25). Defendant asserts that Plaintiff's Response (Doc. 35) fails to overcome its legal arguments. Accordingly, Defendant's Motion should be granted in its entirety. Defendant incorporates herein, as if set forth in full, the arguments and authorities in its Motion. (Doc. 25.) Defendant's Motion should be granted for the reasons previously stated.

Plaintiff first argues: "The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief." (Doc. 35 at 5) However, over fifteen years ago, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disclaimed and abrogated this language from *Conley v. Gibson*, 355 U.S. 41 (1957). *Twombly*, 550 U.S. at 561-63 (quoting *Conley*, 355 U.S. at 45-46). Plaintiff then spends the majority of her Response to the Motion to Dismiss simply reiterating conclusory allegations from the First Amended Complaint and argues that those conclusory allegations must be assumed true for purposes of this motion.

When deciding a motion to dismiss the court does not assume all allegations in the

complaint are true.  Conclusory allegations are not assumed to be true.  "In examining a complaint under Rule 12(b)(6), we "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." (citations omitted)" *Doe through Doe v. Rocky Mountain Classical Academy*, 99 F.4th 1256, 1259 (10th Cir. 2024).

Plaintiff repeats numerous allegations in the Amended Complaint that she was treated differently from "similarly situated" colleagues. "[I]t is insufficient for a plaintiff to allege, for instance, that she did not receive an employment benefit that "similarly situated" employees received. A plaintiff's assertion that she is "similarly situated" to other employees is "just a legal conclusion—and a legal conclusion is never enough." *Ross v Pentair Flow Technologies Inc.*, 2020 WL 1028304 (D. Kan. 2020), citing *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164 (10th Cir. 2014).

Plaintiff also repeats numerous allegations from the Amended Complaint that a certain actions or events were done because of her sex, race, ancestry, color, age, or for purposes of retaliation.  Such allegations are conclusory and not assumed true unless Plaintiff also alleges sufficient context and detail so as to link the alleged adverse employment action to a discriminatory or retaliatory motive with something more than sheer speculation.

Plaintiff also repeats numerous allegations from the Amended Complaint that a certain actions or events were done because of her sex, race, ancestry, color, age, or for purposes of retaliation.  Such allegations are conclusory and not assumed true unless Plaintiff also alleges sufficient context and detail so as to link the alleged adverse employment action to a discriminatory or retaliatory motive with something more than sheer speculation. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012); *Ross v Pentair Flow Technologies Inc.*, 2020 WL 1028304 (D. Kan. 2020).

In addition, Plaintiff's 30-page Response exceeds this court's 15-page limit by double. D. Kan. Rule 7.1(d)(3) (setting a page limit of fifteen pages); *see also Blaurock v. Kansas*, No. 15-3274-DDC, 2016 WL 7157581, at *4 (D. Kan. Dec. 8, 2016) ("Because the court did not grant petitioner leave to file a brief over the page limit, the court may strike petitioner's brief in its entirety."). Despite the lengthiness of Plaintiff's Response, the Response does not address most of Defendant's real arguments at all. Specifically, Plaintiff does not address Defendant's arguments that Plaintiff's conclusory allegations do not suffice to state a claim (including conclusory allegations that other persons were "similarly situated"); that Plaintiff has not plausibly alleged that any adverse actions were taken on the basis of protected characteristics; that actions complained of were not attributable to Defendant; that the alleged "Negro Virus" comment was an isolated incident that was insufficiently serious; that the alleged DVD incident was an isolated incident that was insufficiently serious; that Plaintiff failed to plausibly allege causation, a materially adverse action, and protected opposition to discrimination as required for a retaliation claim; that the continuing violation doctrine does not apply here; and that supplemental jurisdiction should be declined when all federal claims have been dismissed.

Further, Plaintiff admits that paragraphs 12 and 16 cannot provide grounds for relief but may only be considered at most as background information. (Doc. 35 at 9-10.) Plaintiff suggests that paragraphs 17-20 can be considered as part of a continuing pattern of harassment (Doc. 35 at 8-9), but Defendant has already addressed the law showing that this is not the case (*see* Doc. 25 at 14-15).[1]

Plaintiff requests in the alternative for leave to file a Second Amended Complaint. (Doc.

---

[1] Defendant also notes – to avoid any confusion – that where Plaintiff says she is quoting paragraph 20 she instead quotes paragraph 21, a paragraph for which Defendant did not raise a failure-to-exhaust argument. (Doc. 35 at 8.)

35 at 1, 29-30.) Defendant opposes this request. Defendant already pointed out once before in response to Plaintiff's initial complaint that Plaintiff had not alleged facts to plausibly support Plaintiff's claims (Doc. 12), including that Plaintiff had not plausibly alleged that "similarly situated" persons outside the protected class were treated more favorably (Doc. 12 at 10-13). After that, Plaintiff added some new paragraphs in the First Amended Complaint. (*See* Doc. 20-2 (redline showing new paragraphs).) But the new paragraphs that contained factual allegations merely reiterated the same facts that had already been stated in the initial complaint. (*Compare* Doc. 20-2 *with* Doc. 25 at 18-19 (grouping paragraphs that discuss the same events in Exhibit A).) And they added in a wholly conclusory manner that others who were "similarly situated" had been treated more favorably. (*See, e.g.,* Doc. 20-2 at 11-13.) Plaintiff has already had an opportunity to add "such details that will rectify any . . . pleading deficiencies" (Doc. 35 at 1), and Plaintiff failed to do so. *See State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors. These include whether . . . the party had had sufficient opportunity to state a claim and failed."). She now suggests that she could, if ordered to, add mere "demographic information" of colleagues – rather than adding facts to show, for example, how those colleagues are truly "similarly situated." (*See* Doc. 35 at 29.) Plaintiff has not provided any reason to believe that Plaintiff has justifiably withheld any additional details that would render Plaintiff's claims plausible.

WHEREFORE, for the above and foregoing reasons and those set forth in Defendants motion to dismiss, Defendant respectfully requests this motion be granted and an order entered dismissing all claims asserted against Defendant, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Stanley R. Parker, KS No. 10971
Assistant Attorney General/Trial Counsel
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
stanley.parker@ag.ks.gov
(785) 296-6244
(785) 368-8423
Fax: (785) 291-3767
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of August, 2024, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record.

                                        */s/ Stanley R. Parker*
                                        Stanley R. Parker