IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEBORAH (DC) C. BROIL,** )<br> )<br> **Plaintiff,** )<br> )<br>v. )<br> )<br>**STATE OF KANSAS, KANSAS BUREAU** )<br>**OF INVESTIGATION AND ITS** )<br>**REPRESENTATIVES,** )<br> )<br> **Defendant.** )<br>_____ ) | Case No. 24-2029-DDC-RES |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Kansas Bureau of Investigation (KBI) ("Defendant") states its answers to the First Amended Complaint (Doc. 22):

1. The introduction paragraph states legal conclusions or comments on the law. This paragraph does not state factual allegations and therefore does not require responsive pleading. To the extent it states factual allegations, it is denied.

2. With regard to paragraph 1, Defendant admits that Plaintiff filed the complaint and has asserted claims under federal laws. The remainder of the paragraph does not state factual allegations but rather states legal conclusions or comments on the law and therefore does not require responsive pleading. To the extent it states factual allegations, it is denied.

3. With regard to paragraph 2, Defendant admits that venue is proper but denies the remainder of the paragraph.

4. Paragraphs 3-4, 8, 43, 53, 73-74 are admitted.

5. Paragraphs 11, 13-14, 19-20, 22, 24-27, 29-31, 33-36, 40-41, 44-51, 54-61, 64-71, 75-82 are denied.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraphs 12, 15, 17-18, 23.

7. Paragraphs 42, 52, 62, and 72 merely incorporate other paragraphs and therefore do not require responsive pleading.

8. Paragraph 5 is admitted in part and denied in part. Defendant admits that Plaintiff filed the Charges of Discrimination so numbered on the date specified. Defendant admits that the Charges of Discrimination alleged the categories of violations specified except that Plaintiff's initial Charge of Discrimination with the KHRC did not allege age or color discrimination, Plaintiff's Charge of Discrimination with the EEOC did not allege age discrimination, and neither Charge of Discrimination mentioned any alleged violations that were ongoing or continued. All other allegations in the paragraph are denied.

9. Paragraph 6 is admitted in part and denied in part. Defendant admits that Plaintiff amended the Charges of Discrimination on the date specified. Defendant admits that the Charges of Discrimination alleged the categories of violations specified except that neither of the Charges of Discrimination as amended alleged age or color discrimination (the amendment removed an allegation of color discrimination from the EEOC Charge of Discrimination), and neither Charge of Discrimination mentioned any alleged violations that were ongoing or continued. All other allegations in the paragraph are denied.

10. Paragraph 7 is admitted in part and denied in part. Defendant admits that Plaintiff filed the Charges of Discrimination so numbered on the date specified. Defendant admits that the Charges of Discrimination alleged the categories of violations

specified except that neither Charge of Discrimination mentioned any alleged violations that were ongoing or continued. All other allegations in the paragraph are denied.

11. With regard to paragraph 9, Defendant admits that this lawsuit was commenced within ninety days of the EEOC's Notice of Right to Sue. But the remainder of the paragraph does not state factual allegations but rather states legal conclusions or comments on the law and therefore does not require responsive pleading. To the extent it states factual allegations, it is denied.

12. Paragraph 10 is admitted in part and denied in part. Defendant denies that Plaintiff was 74 years old at the time the First Amended Complaint was filed. Plaintiff was 75 years old at that time. (She was 74 years old at the time of the initial complaint and is 76 years old at the time of this Answer.) The remainder of the paragraph is admitted.

13. Paragraph 16 is admitted in part and denied in part. Defendant denies that Henderson refused to take a complaint. Defendant lacks sufficient knowledge or information to admit or deny whether the movie contained scenes that were offensive to the Complainant. The remainder of the paragraph is admitted.

14. Paragraph 21 is admitted in part and denied in part. Defendant denies that Plaintiff was experiencing a hostile work environment. The remainder of the paragraph is admitted.

15. Paragraph 28 is admitted in part and denied in part. Defendant admits that Dwain Worley was Plaintiff's supervisor in 2019, that he created her original training program based on her years of experience, and that he retired in 2020. But Defendant denies the remainder of the paragraph. Plaintiff received work authorizations before

completing the required training. She only completed the required training (12 months overdue) after some of the training requirements were removed for her. Defendant lacks sufficient knowledge or information to admit or deny Dwain Worley's age.

16. Paragraph 32 is admitted in part and denied in part. To the extent Plaintiff implies that she completed her initial training program as originally approved, Defendant denies that she did so. Plaintiff only completed the initial training (12 months overdue) after some of the training requirements were removed for her. The paragraph is otherwise admitted.

17. With regard to paragraph 37, Defendant admits the first sentence but denies the remainder of the paragraph.

18. With regard to paragraph 38, the first sentence is admitted, but Defendant lacks sufficient knowledge or information to admit or deny the remainder of the paragraph.

19. Paragraph 39 is denied except that Plaintiff was terminated on December 5, 2022.

20. Paragraph 63 is admitted in part and denied in part. Defendant denies that all of the allegations made by Plaintiff through internal complaints and Charges of Discrimination were of materially adverse actions or constituted protected opposition. The paragraph is otherwise admitted.

21. Responsive pleading is not required to Plaintiff's prayer for relief on page 25 of her First Amended Complaint. However, Defendant denies that Plaintiff is entitled to the relief demanded.

22. All allegations in the Complaint are denied unless expressly admitted above.

## OTHER DEFENSES

23. Plaintiff has failed to state a claim upon which relief can be granted in whole or in

part.

24. The Court lacks subject-matter jurisdiction in whole or in part. Reasons include but are not limited to Plaintiff lacking constitutional standing for some claims.

25. Plaintiff was terminated for legitimate non-discriminatory and non-retaliatory reasons.

26. Plaintiff has failed to properly exhaust available administrative remedies for some or all of her claims.

27. The applicable statute of limitations bars some or all of Plaintiff's claims.

28. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

29. Alternatively, the Plaintiff's damages are not of the nature and extent alleged.

Therefore, Defendant requests that the Court enter judgment in its favor denying Plaintiff the relief she seeks, and for such other relief as the Court deems just and proper.

                Respectfully submitted,

                KRIS W. KOBACH
                ATTORNEY GENERAL OF KANSAS

                */s/ Matthew L. Shoger*
                Matthew L. Shoger, KS No. 28151
                Assistant Attorney General
                Stanley R. Parker, KS No. 10971
                Assistant Attorney General/Trial Counsel
                Office of the Attorney General
                120 SW 10th Avenue, 2nd Floor
                Topeka, Kansas 66612-1597
                matt.shoger@ag.ks.gov
                stanley.parker@ag.ks.gov
                (785) 296-2215
                Fax: (785) 291-3767
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th of April, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Erin N. Vernon and Lynne Jaben Bratcher
    Bratcher Gockel Law, L.C.
    4014 B South Lynn Court
    Independence, MO 64055
    erin@bgklawyers.com
    lynne@bgklawyers.com
    *Attorneys for Plaintiff*

                                          */s/ Matthew L. Shoger*
                                          Matthew L. Shoger
                                          Assistant Attorney General