UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBORAH C. BROIL**,

    Plaintiff,

v.

**KANSAS BUREAU OF INVESTIGATION**,

    Defendant.

Case No. 24-cv-02029-DDC-RES

## SCHEDULING ORDER

On May 7, 2025, U.S. Magistrate Judge Rachel E. Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Deborah "D.C." Broil appeared through lead counsel Erin N. Vernon, by phone. Defendant Kansas Bureau of Investigation appeared through counsel Stanley R. Parker and Matthew L. Shoger by phone.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Exchange of documents identified in initial disclosures | May 22, 2025 |
| Plaintiff's settlement proposal | May 30, 2025 |
| Motions to amend | May 30, 2025 |
| Defendant's settlement counter-proposal | June 13, 2025 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | June 27, 2025 |
| Mediation completed | August 8, 2025 |
| Plaintiff's experts disclosed | September 30, 2025 |
| Supplementation of initial disclosures | 40 days before the deadline to complete all discovery |
| Defendant's experts disclosed | October 30, 2025 |
| All discovery completed | November 21, 2025 |
| Proposed pretrial order due | December 5, 2025 |
| Pretrial conference | December 17, 2025, at 10:00 a.m. |
| Potentially dispositive motions (e.g., summary judgment) | January 30, 2026 |
| Motions challenging admissibility of expert testimony | 42 days before trial; if the Daubert challenge encompasses a summary judgment issue, then January 30, 2026 |
| Trial — ETT five (5) days | November 3, 2026, at 9:00 a.m. |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **May 30, 2025.** Defendant must make a good-faith counter-proposal by **June 13, 2025.** By **June 27, 2025**, the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_schwartz_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **August 8, 2025**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.    Discovery.**

    **a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.  To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **May 22, 2025**.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery must be commenced or served in time to be completed by **November 21, 2025**.

    **c.**    The parties agree that principles of comparative fault do not apply.

    **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: Plaintiff's expert disclosures must be served by **September 30, 2025**.  Defendant's expert disclosures must be served by **October 30, 2025**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be

confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

 **e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

 **f.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> There may be extensive ESI in this case. The parties have agreed that Plaintiff will provide detailed ESI search terms for each proposed custodian for Defendant's review. If Defendant objects to any of the search terms and/or custodians provided by Plaintiff, Defendant will notify Plaintiff of its objections, and the parties will schedule a conference to discuss disagreements and attempt to reach agreement on as what searches will be conducted.
>
> Additionally, to the extent possible, Plaintiff will attempt to identify the likely electronic file location where requested materials are believed to be saved and/or stored.

 **g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled according to the parties' jointly submitted protective order. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

 **h.** All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

 **i.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

5

**j.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 30, 2025**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **January 30, 2026**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **filed 42 days before trial,**

6

**unless the Daubert challenge encompasses a summary judgment issue, then by January 30, 2026.**

  **e.**  Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

  **f.**  To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**  **Pretrial Conference, Trial, and Other Matters.**

  **a.**  Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **December 17, 2025**, **at 10:00 a.m.**, by telephone (785-337-8299; Conference ID 673 598 390).  The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **December 5, 2025**, defense

counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

      **b.**      The parties expect the jury trial of this case to take approximately five (5) trial days. This case is set for trial beginning on **November 3, 2026, at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      **c.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

      **d.**      This scheduling order will not be modified except by leave of court upon a showing of good cause.

      **IT IS SO ORDERED.**

      Dated May 8, 2025, at Topeka, Kansas.

      /s/ Rachel E. Schwartz
      Rachel E. Schwartz
      United States Magistrate Judge