IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBORAH (DC) C. BROIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-2029-DDC-RES |
| ) | |
| STATE OF KANSAS, KANSAS BUREAU ) | |
| OF INVESTIGATION AND ITS ) | |
| REPRESENTATIVES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MOTION TO EXTEND DEADLINES

Defendant Kansas Bureau of Investigation, jointly together with Plaintiff Deborah C. Broil, respectfully requests an order extending the deadline for the close of discovery and all other remaining deadlines in the scheduling order for ninety days.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiff, a former employee of the KBI, alleges that the termination of her employment with the KBI on December 5, 2022, along with other various incidents during her employment, constitute illegal discrimination and retaliation. (Doc. 22 at 1, 10.) Plaintiff's disparate-treatment claims survived an earlier motion to dismiss. (Doc. 37 at 28.)

### QUESTION PRESENTED

Should the deadline for the close of discovery and all other remaining deadlines in the scheduling order be extended for ninety days?

### ARGUMENTS AND AUTHORITIES

The Court entered a scheduling order on May 8, 2025, and the current deadline for the close of discovery is November 21, 2025. (Doc. 44 at 2, 4.) The parties have engaged in much discovery already. The parties have exchanged over six thousand pages of documents, with

Defendant having produced over five thousand pages for its initial and supplemental disclosures. Defendant served Plaintiff with 12 interrogatories (counting sub-parts), 2 requests for production, and 61 requests for admission, all of which Plaintiff has responded to. Plaintiff has conducted eight depositions so far in October and November, with three more currently scheduled in November. Defendant has one deposition currently scheduled in November.

Plaintiff served Defendants with requests for production, interrogatories, and requests for admission on October 3rd and October 16th, 2025. Plaintiff's counsel explains the timing of these discovery requests:

> Plaintiff and her counsel mistakenly believed they had all the relevant documents between Plaintiff's Rule 26 production and Defendant's Rule 26 production. In September, Plaintiff moved forward with seeking to schedule all depositions needed in the case before the close of discovery November 21. It was only when preparing for witness depositions that Plaintiff and her counsel first recognized that additional relevant documents existed or may exist that had not yet been produced. Many of the discovery requests submitted by Plaintiff may not result in any new production as the responsive documents have hopefully been produced but given that some relevant documents appeared to be missing, Plaintiff wanted to ensure requests were made that would capture all relevant documents.
>
> Plaintiff's first set of written discovery to Defendant was propounded just one week after Defendant's first set of discovery to Plaintiff. Defendant did not submit written discovery requests to Plaintiff until September 26, after the parties began scheduling the depositions requested by Plaintiff. Plaintiff's responses were due to Defendant on October 27, 2025. Plaintiff responded to Defendant's Requests for Admissions, First Interrogatories, and Requests for Production all on or before the 30-day deadline without seeking any extension.
>
> Plaintiff's First Set of Request for Admissions was propounded to Defendant on October 16 and was drafted largely based on the first several witness depositions in the case. Plaintiff also propounded a second set of discovery requests on this date based on the information gleaned and testimony obtained from the first several witness depositions in the case.
>
> For example, Plaintiff and her counsel learned for the first time during Beth Royel's deposition on October 7, 2025, that Ms. Broil's harasser during work at the KBI had referred to Ms. Broil KBI as a "ni*ger" and "Black Bi*ch." This information is highly relevant to the case, demonstrated discriminatory motive of Plaintiff's harasser, and would have been discovered by Defendant if it had done a thorough

investigation of Plaintiff's complaints and demonstrated Defendant's discriminatory and retaliatory treatment of Plaintiff. This information necessitated additional discovery. As another example, Beth Royel testified that she had been instructed not to answer any of Plaintiff's questions during her retraining, which was contrary to KBI policy and practice. Ms. Royel also testified that she had never been instructed not to answer a colleague's questions during training except for Ms. Broil. This is strong evidence that Ms. Broil's remedial training program was in fact retaliatory and intended to provided pretext for terminating Ms. Broil's employment. This highly relevant testimony necessitated additional discovery. As a final example, Ms. Royel testified that she had been asked to document any confusion or mistake by Ms. Broil and that she had never been asked to document mistakes made by any other employee. She further testified that it was common for all forensic chemists to make mistakes or have errors on their reports, which is why they had a peer review process. She also testified that any mistakes Ms. Broil made were like those other forensic chemists made and that she had no doubts or concerns about the quality of Ms. Broil's chemical analyses. These key revelations by Ms. Royel, which strongly support that Defendant's disparate treatment of Plaintiff was discriminatory and retaliatory, also necessitated additional discovery.

Defendant requires additional time to respond to Plaintiff's discovery requests. In total in October, Plaintiff served 115 requests for production, 73 requests for admission, and 25 interrogatories, not counting any sub-parts. Additionally, the upcoming Rule 30(b)(6) deposition effectively adds additional discovery requests. After the parties agreed in October to schedule the 30(b)(6) deposition for November 18th, Plaintiff served, in mid-October, a notice (Doc. 62) and then an amended notice (Doc. 64) for that deposition. The amended notice identifies 36 questions and requests production of documents related to all 36 of those questions. The resulting effective total of 151 requests for production requires additional time for response in particular. Just one request for production, for example, requests all emails in the Defendant's possession that "make any reference to Plaintiff, regardless of what name or term used for her, including nicknames [and] common misspellings of her name." While Defendant believes the most important and relevant documents have already been produced, Plaintiff's requests for production may result in tens of thousands more pages of documents that will have to be identified, reviewed by defense

counsel for privileged information, and prepared for production. The parties have agreed to a January 9, 2026, deadline for Defendant's responses.

Further, the parties would like to reschedule the remaining depositions to occur after Plaintiff has time to review Defendant's responses. Defense counsel has a week-long trial the week of January 12th and Plaintiff has trial the weeks of January 19th and 26th. So the depositions to be rescheduled would occur from February 4th through mid-February, 2026

After this further discovery, the parties would need additional time to put together a jointly proposed pretrial order and any dispositive motions. The current deadline for the close of discovery is November 21, 2025 (Doc. 44 at 2, 4), the deadline for the proposed pretrial order is December 5, 2025 (Doc. 44 at 2, 7-8), and the current deadline for dispositive motions is January 30, 2026 (Doc. 44 at 2, 6). The parties propose that each of those dates be extended by ninety days. That would make the new deadline for the close of discovery February 19, 2026, the new deadline for the proposed pretrial order March 5, 2026, and the new deadline for dispositive motions April 6, 2026.

Good cause exists for the requested motion. This Motion is made in good faith and is not presented for the purpose of delay. The extension is requested due to the press of other business, the undersigned counsels' previously scheduled obligations (including three trials in mid to late January), and the amount of time required to locate, review, and produce documents.

## CONCLUSION

The parties require additional time to complete discovery, which in turn means the parties will need additional time for remaining deadlines. Accordingly, the parties jointly request that the Court extend by ninety days the deadline for the close of discovery along with the other remaining deadlines in the scheduling order.

Respectfully submitted,

K<small>RIS</small> W. K<small>OBACH</small>
A<small>TTORNEY</small> G<small>ENERAL OF</small> K<small>ANSAS</small>

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Stanley R. Parker, KS No. 10971
Assistant Attorney General/Trial Counsel
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
stanley.parker@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for Defendant*

and

BRATCHER GOCKEL LAW, L.C.

By  */s/ Erin N. Vernon*
    Erin N. Vernon, Ks. Bar No.: 25792
    Lynne Jaben Bratcher, Mo. Bar No.: 31203
    4014 B South Lynn Court
    Independence, MO 64055
    Ph: (816) 221-1614
    Fax: (816) 421-5910
    E-Mail:  erin@bgklawyers.com
             lynne@bgklawyers.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of November, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record:

    Erin N. Vernon and Lynne Jaben Bratcher
    erin@bgklawyers.com
    lynne@bgklawyers.com
    *Attorneys for Plaintiff*

                                    */s/ Matthew L. Shoger*
                                    Matthew L. Shoger
                                    Assistant Attorney General