UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBORAH C. BROIL**,

    Plaintiff,

v.

**KANSAS BUREAU OF INVESTIGATION**,

    Defendant.

Case No. 24-cv-02029-DDC-RES

## SCHEDULING ORDER

On November 4, 2025, the parties filed their first Joint Motion to Extend Deadlines, ECF No. 69, which the Court denied because the Motion "fail[ed] to establish that despite their diligence, the parties could not meet the scheduling order deadlines and the Motion [did] not include a concrete plan for how all remaining discovery will be completed within any narrowly tailored extensions." ECF No. 71. The first Motion was denied "without prejudice to refiling if the parties wish to request shorter extensions," and the parties were informed that a renewed motion "must establish good cause and include a concrete plan for completing all outstanding discovery within any proposed extended timeframe." *Id*.

On November 14, 2025, the parties filed a renewed Joint Motion for Extension of Time. ECF No. 72. Again the parties request a 90-day extension of the discovery deadline and commensurate extensions to all remaining Scheduling Order deadlines. *Id*. at 4. Despite the directive from the Court that any renewed motion must seek shorter, narrowly tailored extensions and provide a concrete plan for completing all discovery, the renewed Motion does neither. Because the Motion does not establish good cause for these extensions, the Motion is denied.

**I.      Discussion**

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4)'s good-cause standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (brackets in original and internal quotations omitted).  Here, the parties are unable to show sufficient diligence to warrant the lengthy requested extensions.

This case was filed on January 22, 2024, and an Initial Order Regarding Planning and Scheduling was entered on May 2, 2024, which set a deadline of May 14, 2024, for the parties to conduct their Rule 26 planning conference.  ECF No. 11.  On May 20, 2024, after the parties should have conducted their Rule 26 planning conference, Defendant filed a Motion to Stay Discovery.  ECF No. 13.  The Court granted the motion and stayed discovery pending the resolution of the Motion to Dismiss filed by Defendant.  ECF Nos. 12-13, 17.

After Plaintiff was granted leave to amend her Complaint, another stay was entered after Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.  ECF Nos. 21, 25, 27, 32.  On March 26, 2025, the Motion to Dismiss was denied.  ECF No. 37.

That same day, the Court entered an Initial Order Regarding Planning and Scheduling officially reopening discovery and requiring the parties to conduct a new Rule 26 planning conference no later than April 16, 2025.  *See* ECF No. 38 at 1.  The Court subsequently issued a Scheduling Order, which set a November 21, 2025 deadline for the close of all discovery.  ECF No. 44 at 2.

But despite discovery reopening, the docket reflects very little discovery until the end of September 2025, approximately five months later.  After exchanging their Rule 26 initial

2

disclosures on April 25, 2025, the docket reflects that the first written discovery requests were served on September 26, 2025. ECF Nos. 41-42, 49.

In the Motion, Plaintiff states that she "mistakenly" believed all necessary documents were produced in the parties' Rule 26 production and did not discover otherwise until preparing for witness depositions many months later. ECF No. 72 at 2. Plaintiff does not explain why Defendant's Rule 26 documents would provide all of the relevant information needed for this litigation. Rule 26 documents are the documents Defendant "may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(ii), which does not necessarily constitute documents Plaintiff might need to prove her claims.

The Scheduling Order required all Rule 26 documents to be produced on or before May 22, 2025. If Plaintiff anticipated that the Rule 26 documents provided all of the information she needed, she does not explain why she waited until September to begin scheduling depositions or why the first deposition was not taken until October. ECF No. 72 at 2. The Motion does not explain Plaintiff's diligence between May and September and Plaintiff consequently has not established good cause for the requested lengthy extensions.

Defendant states that additional time is required to respond to Plaintiff's discovery requests because Plaintiff has served numerous requests including "73 requests for admission," "25 interrogatories, not counting any sub-parts," and "an effective total of 151 requests for production." *Id*. at 3. The District's model scheduling order encourages parties to include limits on written discovery but the parties in this case did not include limits on written discovery in the Scheduling Order. *See generally* ECF No. 44.

The parties explain that Plaintiff served her requests on October 3 and October 16, 2025. ECF No. 72 at 2. The Court does not find it credible that each and every one of these requests is

3

necessitated solely because of information learned in preparation of depositions near the close of the discovery period. Again, Plaintiff has failed to establish why all of these discovery requests could not have been served earlier. But the parties wholly fail to explain why they "have agreed to a January 9, 2026, deadline for Defendant's responses." ECF No. 72 at 4. While D. Kan. Rule 6.1(c) encourages parties to reach stipulations on discovery issues, that Rule is clear that the parties cannot agree to stipulations that affect the deadline for completing all discovery or the pretrial order process. The Scheduling Order contains the same admonition to the parties that they cannot stipulate to extensions of deadlines "that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial." ECF No. 44 at 7.

The parties additionally state that "[t]he extension is requested due to the press of other business, the undersigned counsels' previously scheduled obligations (including three trials in mid to late January), and the amount of time required to locate, review, and produce documents." ECF No. 72 at 4. These reasons, too, do not establish good cause for 90-day extensions. Conflicts in January do not establish the parties' diligence throughout the rest of the discovery period. Because the parties have not established good cause to warrant the lengthy extensions requested in the Motion, the Motion is denied.

Finally, the Court denies the Motion because it fails to comply with the Court's Order. ECF No. 71. The Court specifically stated that "[a]ny renewed Motion must establish good cause *and* include a concrete plan for completing all outstanding discovery within any proposed extended timeframe." *Id.* (emphasis added). The Motion wholly fails to include a concrete plan, including "confirmed dates for any remaining depositions."

4

## II.     Remaining Deadlines

While the parties have not established good cause for their requested extensions, it is clear the parties are unprepared to timely proceed with the pretrial order process or to complete discovery by the current deadline.  To ensure the pretrial order process is meaningful, the Court sua sponte modifies the current scheduling order deadlines and sets additional deadlines to ensure that discovery in this litigation is completed consistent with these new deadlines.

Based on the Motion, the Court has serious concerns about the scope of the discovery requests served by Plaintiff.  For example, Defendant states that Plaintiff has requested "all emails in the Defendant's possession that 'make any reference to Plaintiff,'" a request that is likely overbroad on its face.  ECF No. 72 at 3.  The Court reminds Plaintiff that "the party seeking discovery bears the initial burden to establish relevance." *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 4466903, at *2 (D. Kan. Sept. 18, 2019).  Here, a request for "all emails in the Defendant's possession that 'make any reference to Plaintiff,'" is likely far beyond what is relevant and proportional to the needs of this case.  To ensure that the parties are focused on completing production of relevant documents and information, the parties are instructed to meet and confer on or before **November 26, 2025**, to discuss the scope of all remaining discovery requests and to narrow this and any other similarly broad requests.

Next, the Motion states that the parties "have agreed to a January 9, 2026, deadline for Defendant's responses," to the discovery requests served by Plaintiff in October.  ECF No. 72 at 4-5.  The parties' agreement to extend Defendant's response deadline until January 9, 2026, is expressly rejected by the Court.  Instead, the Court resets the deadline for Defendant to respond to Plaintiff's discovery requests (as narrowed by their meet and confer efforts) to **December 12, 2025.**

5

Finally, the Court modifies the remaining scheduling order deadlines as follows. While the parties have referenced that counsel currently have trials set in January 2026, trials often settle. Regardless, the parties will need to coordinate with each other on scheduling all remaining depositions consistent with the deadlines below. Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the Court will not be available to resolve any disputes that arise during the course of such extended discovery.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Parties to meet and confer regarding remaining discovery requests | **November 26, 2025** |
| Defendant's responses to Plaintiff's written discovery requests served in October | **December 12, 2025** |
| All discovery completed | **January 23, 2026** |
| Proposed pretrial order due | **February 2, 2026** |
| Pretrial conference | **February 18, 2026, at 1:30 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **March 27, 2026** |
| Motions challenging admissibility of expert testimony | **42 days before trial; if the Daubert challenge encompasses a summary judgment issue, then March 27, 2026** |
| Trial — ETT five (5) days | **December 1, 2026, at 9:00 a.m.** |

All other provisions of the May 8, 2025 Scheduling Order remain unchanged. ECF No. 44. The parties must plan accordingly to complete all discovery expeditiously.

**IT IS THEREFORE ORDERED** that the Joint Motion for Extension of Time, ECF No. 72, is **DENIED**. The Court nonetheless resets certain scheduling order deadlines as outlined in the chart above.

**IT IS SO ORDERED.**

Dated November 21, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge