# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DEBORAH C. BROIL,**

                    **Plaintiff**,

**v.**

**KANSAS BUREAU OF
INVESTIGATION,**

                    **Defendant.**

                              **Case No. 24-2029-DDC-RES**

## MEMORANDUM AND ORDER

The court located a misstatement of law in its previous Memorandum and Order (Doc. 37). The court quoted caselaw for the proposition that the "'traditional hostile-work-environment concepts of "severe" or "pervasive" still apply in a retaliatory-harassment claim.'" *Id.* at 26 (quoting *Bermudez v. City of Topeka*, No. 18-cv-4141-HLT-ADM, 2020 WL 206766, at *6 (D. Kan. Jan. 14, 2020)). Seizing on this quoted authority, the court exported its severe-or-pervasive analysis from plaintiff's hostile-work-environment claim. *Id.* The court reasoned that, because plaintiff had failed to plead a viable hostile-work-environment claim, she also failed to plead a retaliatory-harassment claim. *Id.*

But the standards for these two claims aren't the same. The standard for a retaliatory-hostile-work-environment claim is whether the harassment is "'sufficiently severe or pervasive that it could well dissuade a reasonable worker from engaging in protected activity.'" *Bermudez*, 2020 WL 206766, at *6 (quoting *Adcox v. Brennan*, No. 15-cv-9258-JWL, 2017 WL 2405326, at *7 (D. Kan. June 2, 2017)). In contrast, the standard for a hostile-work-environment claim asks

whether "the defendant's conduct was so severe or pervasive as to alter the terms or conditions of employment." *Throupe v. Univ. of Denv.*, 988 F.3d 1243, 1252 (10th Cir. 2021). So, while both standards incorporate the concept of "severe or pervasive," they employ distinct metrics to determine whether conduct is severe or pervasive. Thus, the court shouldn't have analyzed plaintiff's retaliatory-harassment claim under the same rubric as her hostile-work-environment claim.

The court expresses no opinion whether plaintiff's retaliatory-harassment claim should have survived under the correct legal standard. And the court notes that plaintiff had asked the court to apply the same standard to her hostile-work-environment claim and her retaliatory-harassment claim. *See* Doc. 35 at 14, 26. Still, the court issues this Order to notify the parties of its misstatement of law. The court will convene a status conference by telephone on Thursday, February 5, 2026, at 2:30 p.m. to solicit the parties' views on how this case, in light of this misstatement, should proceed.

**IT IS THEREFORE ORDERED THAT** the court will convene a status conference by telephone on Thursday, February 5, 2026, at 2:30 p.m.

**IT IS SO ORDERED.**

**Dated this 29th day of January, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
