IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DEBORAH (DC) C. BROIL | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02029 |
| | ) | |
| STATE OF KANSAS, KANSAS BUREAU | ) | |
| OF INVESTIGATION AND ITS | ) | WITH JURY TRIAL DEMAND |
| REPRESENTATIVES | ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE HER SECOND AMENDED COMPLAINT AND FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S RETALIATORY HARASSMENT CLAIM**

Plaintiff seeks leave to file her Second Amended Complaint for Damages, attached hereto as Exhibit A and her track-changes version is attached as Exhibit B, and respectfully requests that, pursuant to Local Rule 7.3, the Court reconsider its March 26, 2025 dismissal of Plaintiff's retaliatory harassment claim based on 1) the need to correct clear error and prevent manifest injustice by analyzing Plaintiff's retaliatory harassment claim under the correct standard; and 2) the availability of new evidence that has been added to Plaintiff's Second Amended Complaint and will rectify any such pleading deficiencies that remain.

Plaintiff offers the following Suggestions in Support of her Motion for Leave to File Her Second Amended Complaint and for Reconsideration of Dismissal of Plaintiff's Retaliatory Harassment Claim ("This Motion").

**I. NATURE OF THE MATTER**

Plaintiff is a Black, African American female employed by the KBI as a Forensic Scientist III from 2019 through December 5, 2022. Plaintiff's initial Complaint was filed on December 5, 2023. (Doc. 1.) In her original Complaint (Doc. 1), and her First Amended Complaint, filed July

1

18, 2024, Plaintiff brought claims for Title VII retaliation and retaliatory hostile work environment in Count IV (Doc. 22). On March 26, 2025, the Court ordered a dismissal of Plaintiff's retaliatory harassment claim. (Doc. 37). On January 29, 2026, the Court issued a memorandum pointing out that the standard for a retaliatory hostile work environment claim differs from the standard for a traditional hostile work environment claim and acknowledging that the Court analyzed Plaintiff's retaliatory harassment claim under the incorrect rubric. (Doc. 92).

During the Status Conference on February 6, 2026, the Court granted Plaintiff leave to file This Motion. Defendant opposes This Motion.

## II. STATEMENT OF FACTS

Plaintiff is a 74-year-old Black/African American female. (2nd Am. Compl. [hereinafter "Compl."] ¶ 11.) She was employed by Defendant from April 29, 2019, to December 5, 2022 as Forensic Scientist (in Chemistry) III. (Compl. ¶ 11.) As a Forensic Scientist III, working in the Forensic Chemistry Laboratory, Plaintiff analyzed unknown chemical substances. (*Id.* at ¶ 12.) Her primary job duties included performing analyses of unknown chemical substances suspected of being illegal substances, authoring reports concerning the analyses, peer reviewing her colleagues' reports, and testifying in her expert capacity in criminal prosecutions concerning those analyses. (*Id.*)

Plaintiff was treated less favorably than her colleagues, denied opportunities, and was more closely scrutinized than her colleagues because of sex and complaints of discrimination. (*Id.* at Introduction.) Defendant unlawfully subjected Plaintiff to sex discrimination, retaliation, and continued retaliatory harassment resulting in a hostile work environment. (*Id.*) The discrimination and retaliation culminated in her wrongful termination on December 5, 2022 for complaining both internally and externally about discrimination and harassment. (*Id.*)

In 2019, Plaintiff's supervisor at the time, Dwain Worley at the time created her original training program, based on Plaintiff's years of experience (more than 13 years) and pursuant to KBI policy. Plaintiff completed the required training, passed the training and testing before receiving her work authorization. (*Id* at ¶ 13).

108.     Plaintiff's reports of discrimination began in May 2021. (*Id*. at ¶ 18.) After Plaintiff's reports of discrimination on November 10, 2021, management and HR employees' treatment of her changed dramatically and became distinctly hostile. KBI Management and Human Resources began treating Plaintiff like their adversary. The KBI's severe and pervasive retaliatory harassment of Plaintiff created a hostile work environment that would dissuade a reasonable worker from engaging in protected activity. (*Id*. at ¶ 61.)

After complaining on numerous occasions about discrimination, harassment, and retaliation, on August 1, 2022, after working several years as a KBI Forensic Scientist III and earning the required work authorization much earlier in her employment, Plaintiff was suddenly placed on a retraining program, which required extensive review and memorization of training materials that are provided to new Forensic Scientists with no work experience. (*Id*. at ¶ 20.) Plaintiff was told that there was no record of her original training, but which there was no dispute had been completed as Plaintiff had received the work authorization earlier in her employment. (*Id*.)

On December 5, 2022, the discrimination and retaliation culminated in her termination after another unfair and inaccurate performance review that stated Plaintiff did not complete the retraining program in a timely manner. (*Id.* at ¶ 89.)

As a direct result of Defendant's unlawful actions, Plaintiff has suffered pecuniary and non-pecuniary losses include but are not necessarily limited to: past wages and benefits, pain and

suffering, emotional distress, hair loss, sleep deprivation and interruption, trauma, mental suffering, mental anguish, anxiety, trauma, humiliation, and inconvenience. Plaintiff is seeking an award of monetary damages and equitable relief. (*Id.* at ¶ 91.)

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### III. SPECIFIC RELIEF SOUGHT: PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE HER SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff seeks leave to file her Second Amended Complaint as justice so requires due to newly discovered facts and a misunderstanding concerning the legal standard for analyzing retaliatory hostile work environment claims.

Plaintiff should be granted leave to file her Second Amended Complaint because it removes the race discrimination and age discrimination counts, divides the retaliation and retaliatory hostile work environment claims into two separate counts, and eliminates many adverse actions under the sex discrimination count to Streamline and reduce the issues for relevant to the parties' proposed pretrial order and dispositive motions. Plaintiff should also be granted leave to file her Second Amended Complaint because it better organizes the facts into a more coherent narrative, edits facts to reflect the evidence in this case, and adds highly relevant facts uncovered during discovery, particularly those facts that demonstrate Plaintiff suffered a retaliatory hostile work environment.

### IV. ARGUMENT

Plaintiff's initial Complaint was filed on December 5, 2023. (Doc. 1.) In her original Complaint (Doc. 1), and her First Amended Complaint, filed July 18, 2024, Plaintiff brought claims for Title VII retaliation and retaliatory hostile work environment in Count IV (Doc. 22). On March 26, 2025, the Court ordered a dismissal of Plaintiff's retaliatory harassment claim. (Doc. 37). On January 29, 2026, the Court issued a memorandum pointing out that the standard for a

4

retaliatory hostile work environment claim differs from the standard for a traditional hostile work environment claim and acknowledging that the Court analyzed Plaintiff's retaliatory harassment claim under the incorrect rubric. (Doc. 92).

Plaintiff's claims in her Second Amended Complaint have been reduced to three Counts: Count I – Sex Discrimination in Violation of Title VII, Count II – Retaliation in Violation of Title VII, and Count III – Retaliatory Hostile Work Environment in Violation of title VIII.

Granting Plaintiff leave to file her Second Amended Complaint will result in a Complaint that conforms to evidence in this case and clearly sets out the claims that remain in this litigation. Granting Plaintiff leave to file her Second Amended Complaint with address any pleading deficiencies in her First Amended Complaint when Plaintiff had not yet discovered a lot of key evidence in this case.

Plaintiff has conferred with Opposing Counsel and Defendant generally opposes Plaintiff's Motion, but Defendant has not reviewed This Motion at the time of filing and likely will not oppose the elimination of Counts and alleged adverse actions in Plaintiff's Second Amended Complaint.

No party will be prejudiced by permitting Plaintiff to file her Second Amended Complaint and the remaining stages prior to trial will become more efficient due to the changes in the Second Amended Complaint. Likely no additional discovery will be required as the key retaliatory events that constitute retaliatory hostile work environment are all events that have been raised during the existing litigation.

For these reasons, Plaintiff should be granted leave to file her Second Amended Complaint.

**MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S RETALIATORY HOSTILE WORK ENVIRONMENT CLAIM**

**V. SPECIFIC RELIEF SOUGHT: THE COURT SHOULD RECONSIDER ITS DECISION TO DISMISS PLAINTIFF'S RETALIATORY HOSTILE WORK ENVIRONMENT**

**CLAIM AND PLAINTIFF'S RETALIATORY HOSTILE WORK ENVIRONMENT CLAIM SHOULD NOT BE DISMISSED.**

On March 26, 2025, the Court ordered a dismissal of Plaintiff's retaliatory harassment claim. (Doc. 37). On January 29, 2026, the Court issued a memorandum pointing out that the standard for a retaliatory hostile work environment claim differs from the standard for a traditional hostile work environment claim and acknowledging that the Court analyzed Plaintiff's retaliatory harassment claim under the incorrect rubric. (Doc. 92).

The Court should reconsider its March 26, 2025 dismissal of Plaintiff's retaliatory harassment claim.

## VI. STANDARDS

### A. Standard for Motion for Reconsideration

Generally, a motion for reconsideration filed more than 14 days after the order it is requesting be reconsidered. Local Rule 7.3. However, Local Rule 7.3 provides that a party may file a motion for reconsideration more than 14 days after the order with the court's permission. Here, the Court determined during the February 6, 2026 status conference that Plaintiff could file This Motion. "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.

Here, the Court should reconsider its March 26, 2025 dismissal of Plaintiff's retaliatory harassment claim based on 1) the need to correct clear error and prevent manifest injustice by analyzing Plaintiff's retaliatory harassment claim under the correct standard; and 2) the availability of new evidence that has been added to Plaintiff's Second Amended Complaint and will rectify any such pleading deficiencies that remain. *See* Local Rule 7.3

### B. Standard for Motion to Dismiss

6

A motion to dismiss for failure to state a cause of action solely tests the adequacy of the complaint. It assumes the facts pleaded are true and liberally grants to plaintiff all reasonable inferences therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). "The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief." *Litton v. Maverick Paper Co.*, 354 F.Supp.2d 1209, 1210 (D. Kan. 2005) (citing *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir. 1991)); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F3d 1381, 1384 (10th Cir. 1997).

The issue when reviewing the sufficiency of a complaint such as this is not whether the plaintiff will prevail, but it is only whether she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984); *Hall v. Bellmon*, 935 F2d 1106, 1110 (10th Cir. 1991). In this matter, the well-pled facts in Plaintiff's Second Amended Complaint establish sufficient bases to offer evidence to support Plaintiff's retaliatory hostile work environment claim. Therefore, the Court's order to dismiss Plaintiff's retaliatory hostile work environment claim should be reconsidered.

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon*, 935 F2d 1106, 1110 (10th Cir. 1991). Here, Plaintiff has pled

7

sufficient facts to state a claim for retaliatory hostile work environment against Defendant in Second Amended Complaint in Background Fact Paragraphs 38-88 and Count III Paragraphs 106-

## VII. ARGUMENTS

### A. *Plaintiff's retaliatory harassment claim should not be dismissed under the correctly applied standard because she alleges facts to provide sufficient support for the claim.*

In a sufficient complaint alleging retaliatory hostile work environment, a plaintiff first has to allege that she engaged in protected activity. *See Adcox v. Brennan*, No. 15-cv-9258-JWL, 2017 WL 2405326, at *7-8 (D. Kan. June 2, 2017). Here, Plaintiff alleges she engaged in protected activity in numerous paragraphs including in Second Amended Complaint (hereinafter "Complaint") Paragraph 34 that "Knox admits that Plaintiff made a complaint about sexual harassment when she complained about the DVD" and in Complaint Paragraph 33 that "Knox admits that Plaintiff's complaint about Schieferecke using the slur "Negro" constituted a complaint of racial discrimination."

Retaliatory harassment, if sufficiently severe, "may constitute 'adverse employment action' for purposes of a retaliation claim." *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1264 (10th Cir. 1998). The standard for a retaliatory hostile-work-environment claim is whether the harassment is "'sufficiently severe or pervasive that it could well dissuade a reasonable worker from engaging in protected activity.'" *Bermudez*, 2020 WL 206766, at *6 (quoting *Adcox v. Brennan*, No. 15-cv-9258-JWL, 2017 WL 2405326, at *7 (D. Kan. June 2, 2017)).

Plaintiff alleges in her Complaint that she was subjected to unwelcome harassment that was sufficiently severe or pervasive that it could dissuade a reasonable worker from engaging in a protected activity. Her Complaint Count III specifically provides:

> 109. Plaintiff was treated less favorably than similarly situated colleagues who had not reported discrimination and retaliation as set forth in greater detail in the Factual Background of the Complaint and in Paragraphs 111A-111V below.

110. While Plaintiff was an employee of and/or subject to the direction and control of Defendant and based upon Plaintiff's opposition to and complaints of discrimination and retaliation, Defendant subjected Plaintiff to a hostile and offensive work environment on a continuous basis and which constituted a continuing pattern of unwelcome harassment, which could have dissuaded a reasonable worker from engaging in protected activity.

111. Plaintiff was subjected to a hostile work environment based upon her opposition of protected activity which involved denigration, yelling, hostility, disrespectful comments, exclusion from group, different application of policies, different daily requirements, imposition of different standards, and treatment as though she was unintelligent and undeserving of being treated with the respect provided to her colleagues who had not opposed discrimination.

112. As a result of and after Plaintiff's protected opposition to discrimination and retaliation, Plaintiff suffered a severe and pervasive retaliatory hostile work environment, which included but is not limited to the following:

    A. She experienced significant hostility from managers and human resources, who labeled their position to her as adverse and "pre-litigation posture" just weeks after Plaintiff's internal complaints despite her not taking any action outside of internal reports permitted by the KBI's policies;

    B. She experienced significant hostility from her harasser who was so angry about Plaintiff's complaints about him that he called her "ni*ger" and "black bitch" to another colleague at work;

    C. Management and human resources were so hostile to her complaints of discrimination that they refused to provide her with a complaint form or accept a written complaint of retaliation for months;

    D. She was excluded and isolated from her team;

    E. Her review was recorded but she was refused a copy of the recording, while the reviews of her similarly situated colleagues, who had not opposed discrimination and retaliation, were not recorded;

    F. Her meetings with management were recorded, while the meetings of similarly situated colleagues, who had not opposed discrimination and retaliation, were not recorded;

    G. KBI Laboratory Director T.L. Price was so hostile toward Plaintiff that he referred to Plaintiff as "young lady."

    H. She was denied the opportunity to attend conferences, while her similarly situated colleagues, who had not opposed discrimination and retaliation, were permitted to attend;

  I. She was prohibited from applying for the crime scene investigating position despite many years of experience investigating crime scenes while her similarly situated colleagues, who had not opposed discrimination and retaliation, were permitted to apply;

  J. She was sent to Fred Pryor training to allegedly obtain "soft skills" to better communicate in the workplace because of her complaints of hostility, while the white, male who harassed her and had not opposed discrimination and retaliation was not sent to any training;

  K. She was required to meet her peer review quotas under different conditions than her similarly situated colleagues, who had not opposed discrimination and retaliation, including being limited to being peer reviewed by three chemists each with different requirements;

  L. Her equipment was not updated with the shorter methods uploaded to the equipment of her similarly situated colleagues, who had not opposed discrimination and retaliation, which limited her ability to complete her tasks more quickly and with greater efficiency;

  M. She was prohibited from working from home without a detailed plan, but her similarly situated colleagues, who had not opposed discrimination and retaliation, were allowed to work from home without providing any plan;

  N. Beginning in August 2022, Plaintiff was required to submit a daily account of everything she had done and subjected to daily meetings with her supervisor, but her similarly situated colleagues, who had not opposed discrimination and retaliation, were not required to submit these daily accounts when working from home or have daily meetings during their training;

  O. Her performance was unfairly evaluated and less favorably evaluated than similarly situated colleagues, who had not opposed discrimination and retaliation.

  P. HR refused to file complaints on her behalf when she complained in violation of their policy;

  Q. She was placed on a special evaluation or performance improvement plan, while her similarly situated colleagues, who had not opposed discrimination and retaliation, were not placed on a similar special evaluation;

  R. She was placed on a retraining program, which included entire sections of retraining that no one at the KBI can point to a single deficiency Plaintiff had in performing analyses in those subject, and this was done in violation of policy, while her similarly situated colleagues, who had not

    opposed discrimination and retaliation, were not placed on a similar retraining program;

    S. During Plaintiff's retraining she was not provided the support, resources, assistance, and materials provided to her similarly situated colleagues, who had not opposed discrimination and retaliation, during training;

    T. Plaintiff was prohibited from asking colleagues questions during training, other than her manager Knox and trainer Riddle, which was contrary to the laboratory's practice that all forensic scientists assist with training and answer any questions asked, this exposed Plaintiff to severe and pervasive hostility throughout her retraining/remedial training period;

    U. Plaintiff's trainer Chris Riddle was so hostile to her that he considered her asking for the mathematical formula the KBI wanted her to use in a specific scenario, which was not included in any of the training materials provided, amounting to Plaintiff demanding to be spoon-fed her training material; and

    V. Her retraining schedule/calendar was unfair and did not consider administrative task requirements, new daily meetings, daily lists of tasks, holiday time, vacation time, sick time, inclement weather, time preparing to testify, time spent testifying in court, trainer unavailability, or the extensive stress and distress Plaintiff was experiencing on account of her ongoing hostile work environment.

    113. This retaliatory hostile work environment was severe and pervasive and absolutely would dissuade a reasonable worker from engaging in protected activity.

(Compl. ¶¶ 108-112.) Plaintiff's Second Amended Complaint provides additional facts and details establishing that the harassment and hostile work environment as severe and pervasive Background Fact Paragraphs 38 through 88.

  In the 10th Circuit, "where protected activity is closely followed by an adverse employment action, temporal proximity alone is sufficient to establish causation at the prima facie stage. *Adcox v. Brennan*, No. 15-cv-9258-JWL, 2017 WL 2405326, at *7 (D. Kan. June 2, 2017)(citing *Foster v. Mountain Coal Co.*, 83- F.3d 1178, 1191 (10th Cir. 2016). Plaintiff has set forth beginning in Paragraph 38 that:

    After Plaintiff's reports of discrimination on November 10, 2021, management and

> HR employees' treatment of her changed dramatically and became distinctly hostile. KBI Management and Human Resources began treating Plaintiff like their adversary. The KBI's severe and pervasive retaliatory harassment of Plaintiff created a hostile work environment that would dissuade a reasonable worker from engaging in protected activity.

(Compl. ¶ 38.) The Complaint paragraphs that follow detail the rapid retaliatory harassment Plaintiff experienced after reporting discrimination November 10, 2021. (Compl. ¶¶ 38-88.) Plaintiff alleges in Paragraph 40 that just one month after Plaintiff merely makes internal reports of discrimination, Defendant puts in writing that "the KBI may be in a pre-litigation posture" with Plaintiff. (*Id.* at 40.) Paragraph 41 notes that on that same date one month after Plaintiff's internal reports of discrimination, the KBI determines for the first time ever to record every management and human resources' meeting with Plaintiff Broil. (*Id.* at 41.)

For these reasons, the Court should reconsider its order to dismiss Plaintiff's claim of retaliatory hostile work environment and Count III of Plaintiff's Second Amended Complaint should not be dismissed.

## VIII.　CONCLUSION

WHEREFORE, Plaintiff respectfully submits that the court reconsider the dismissal of Plaintiff's retaliatory harassment claim and respectfully requests the opportunity to amend her Complaint should more specificity be required.

Respectfully submitted,

**BALDWIN & VERNON TRIAL ATTORNEYS**

By: /s/ *Erin Vernon*
Kevin Baldwin, MO Bar No. #49101

                    Erin Vernon, MO Bar No. #64590
                EmmaLee A. Wilson MO Bar No. 72195
                         108 S. Pleasant St.
                      Independence, MO 64050
                       Tel: (816) 842-1102
                       Fax (816) 842-1104
                       Kevin@bvtrialattys.com
                       Erin@bvtrialattys.com
                     Emma@bvtrialattys.com

                 ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February 2026 a copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system to all counsel of record.

                                                                         */s/ Erin N. Vernon*
                                                                         ATTORNEY FOR PLAINTIFF