IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DEBORAH (DC) C. BROIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-2029-DDC-RES |
| | ) | |
| KANSAS BUREAU | ) | |
| OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S AMENDED RESPONSE IN OPPOSITION IN PART
TO MOTION TO AMEND AND FOR RECONSIDERATION**

Defendant Kansas Bureau of Investigation (KBI) ("Defendant") submits this Response

opposing in part Plaintiff's Motion for Leave to File Her Second Amended Complaint and for

Reconsideration of Dismissal of Plaintiff's Retaliatory Harassment Claim ("Motion") (Doc. 99).

Defendants attaches three new exhibits: Exhibit A (table of allegations cited in Motion), Exhibit

B (special evaluation forms), Exhibit C (excerpt from deposition of Plaintiff Deborah C. Broil),

With regard to the motion to amend, Defendant does not oppose Plaintiff's amendments

that would remove the racial-discrimination and age-discrimination claims. But Defendant

opposes Plaintiff's other amendments, including amendments that would revive the retaliatory

hostile work environment claim. Defendant also opposes the motion to reconsider dismissal of

the retaliatory hostile work environment claim.

**I.    Plaintiff's motion to amend does not properly comply with the requirement for a
"redlined version of the proposed amendment" in D. Kan. Rule 15.1(a)(3).**

As an initial matter, Plaintiff's attached redlined version of her proposed Second

Amended Complaint (SAC) (Doc. 99-2) is not a proper redlined version. For example, according

to the redlines, proposed SAC paragraph 13 was previously included as paragraph 11 in the First

Amended Complaint (FAC). (Doc. 99-2 at 4.) This is not true. No such paragraph was there. (*See* Doc. 22 at 4 (¶ 11).) It was actually moved from FAC paragraph 28. (*See* Doc. 22 at 7 (¶ 28).) As another example, proposed SAC paragraph 17 (Doc. 99-2 at 5), according to the redlines used to read as follows (when reversing the redlines):

> Plaintiff reported Schieferekethe offensive movie to the Assistant Lab Director, Mary Henderson. addressit with SchiefereckeSchiefereckesonSchiefereckeHenderson told the Plaintiff to tell the Schiefereke she did not like that kind of movie and refused to take a complaint.

As yet another example, paragraph 103 has subsections A through G in Doc. 99-1 but subsections A through *N* in Doc. 99-2. (Doc. 99-1 at 19-20; Doc. 99-2 at 26-28.)

The redlines plainly do not accurately capture the edits made in the proposed Second Amended Complaint. (*Compare* Doc. 22 at 5 (¶ 16).) Accordingly, Defendant and the Court are not properly on notice as required by Rule 15.1(a)(3) of the amendments made in the proposed Second Amended Complaint. The purpose of Rule 15.1(a)(3) presumably is for the nonmovant and the Court to not have to parse through the edits to determine which content is new and which content was removed. As the redlined version provided is not accurate, Plaintiff has not complied with Rule 15.1(a)(3), and Plaintiff's amendments remain a mystery unless the Defendant and the Court parse through with a fine-tooth comb the 26 pages of the proposed SAC, comparing it tediously to the 25 pages of the proposed FAC. This is a burdensome process that is not necessary if a movant properly complies with the rule.

Additionally, Plaintiff's quotations in the Motion, supposedly from the proposed amendments, are not accurate to the proposed amendments actually attached. For example, paragraph 112 quoted in Doc. 99 at 9 does not match the actually proposed paragraph 112 in Doc. 99-1 at 25. This raises doubts regarding the quotations made from the proposed amendments, and Defendant and the Court should not have to parse through Plaintiff's

quotations to determine whether the quoted content is actually in the proposed amendments.

For these reasons, although Defendant does not object to the removal of the racial-discrimination and age-discrimination claims, Defendant objects to the mystery amendments that Plaintiff is making – in other words, the remainder of Plaintiff's proposed amendments.

**II.**   **Plaintiff fails to meet her burden to show clear error or manifest injustice in support of her motion for reconsideration.**

Under D. Kan. Rule 7.3, "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Plaintiff invokes the latter two reasons. (Doc. 99 at 1, 6.)

**A. Plaintiff makes only a perfunctory argument regarding manifest injustice and has waived the argument.**

Litigants waive arguments when they are "inadequately presented." *United States v. Moya*, 5 F.4th 1168, 1192 (10th Cir. 2021). And "[t]his briefing-waiver rule applies equally to arguments that are . . . presented only in a perfunctory manner." *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020).

Here, Plaintiff states in a conclusory and perfunctory manner that "the Court should reconsider its March 26, 2025 dismissal of Plaintiff's retaliatory harassment claim based on . . . the need to correct clear error and prevent manifest injustice by analyzing Plaintiff's retaliatory harassment claim under the correct standard." (Doc. 99 at 6.) But Plaintiff makes no attempt to argue that the Court's ruling should have been different under the correct standard given the allegations at the time. The Court has already held that the conditions alleged were not severe or pervasive enough to alter the terms and conditions of employment. (Doc. 37 at 18-23.) Despite this finding, Plaintiff has not explained how those same conditions alleged in the First Amended Complaint were nevertheless severe or pervasive enough that it could well dissuade a reasonable

worker from engaging in protected activity.

Plaintiff states in a conclusory manner, "Plaintiff alleges in her Complaint that she was subjected to unwelcome harassment that was sufficiently severe or pervasive that it could dissuade a reasonable worker from engaging in a protected activity." And then, just as before, "[s]he merely copies-and-pastes the Amended Complaint into her . . . brief." (*See* Doc. 37 at 24.) Perhaps Plaintiff is intending to argue that given the *new* facts alleged the result should be different. (As discussed below, she has not identified which facts are newly alleged.) But she has not explained how the result should have been different without those newly alleged facts. Therefore, while Plaintiff may make an argument based on newly alleged facts, Plaintiff has waived the argument that the Court's ruling was manifestly unjust based on the allegations at the time by failing to adequately brief it.[1]

## B. Plaintiff invited the error made and so cannot use that error to set aside the dismissal of the retaliatory-hostile-work-environment claim.

"Generally, the invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." *United States v. McBride*, 94 F.4th 1036, 1041 (10th Cir. 2024). The Tenth Circuit further explained the basis for this doctrine:

> [T]he doctrine of invited error is based on reliance interests similar to those that support the doctrines of equitable and promissory estoppel. Having induced the court to rely on a particular erroneous proposition of law or fact, a party may not at a later stage use the error to set aside the immediate consequences of the error.

*United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005).

---

[1] Plaintiff also continues to cite to the pre-2007 motion-to-dismiss standard from *Conley v. Gibson*, 355 U.S. 41 (1957), that was abrogated by *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (citing *Conley*, 355 U.S. at 45-46). (Doc. 99 at 7; Doc. 35 at 5-6 (previously citing to this standard); Doc. 36 at 1 (explaining that this standard is no longer valid).)

Here, in its order notifying the parties of a misstatement of law, "the court note[d] that plaintiff had asked the court to apply the same standard to her hostile-work-environment claim and her retaliatory harassment claim. *See* Doc. 35 at 14, 26." (Doc. 92 at 2.) This observation is correct. Because Plaintiff induced the Court to rely on this particular erroneous proposition of law, the Plaintiff may not at a later stage use that error to set aside the immediate consequences of that error – in this case, the dismissal of the retaliatory-hostile-work-environment claim. Accordingly, the Court should not grant Plaintiff's motion to reconsider on the basis of clear error or manifest injustice. Essentially, Plaintiff having induced the error renders that error not manifestly unjust.

## C. The error made was harmless error and would not have materially affected the outcome of the Court's decision.

Plaintiff does not pinpoint any previously alleged facts that would have reasonably deterred her from engaging in protected activity. But to the extent that the Court broadly considers Plaintiff's previously alleged facts for this purpose, Defendant asserts that no previously alleged facts constituted severe or pervasive conditions that would have reasonably deterred protected activity. *See Bermudez v. City of Topeka*, No. 18-cv-4141-HLT-ADM, 2020 WL 206766, at *6 (D. Kan. Jan. 14, 2020) (saying the harassment must be "sufficiently severe or pervasive that it could well dissuade a reasonable worker from engaging in protected activity"). Accordingly, applying the correct standard would not have materially affected the outcome of the Court's decision. So the error in applying the wrong standard was harmless and should not be grounds for reopening the motion for reconsideration.

Alternatively, because the error would not have materially affected the outcome of the Court's decision, if the Court opens the motion for reconsideration, then the Court should dismiss the retaliatory hostile work environment claim on reconsideration under the correct

standard.

### III. Plaintiff fails to meet her burden to show that newly available evidence would result in a different outcome.

Under D. Kan. Rule 7.3, "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Plaintiff invokes the second reason, alleging the availability of new evidence. (Doc. 99 at 1, 6.) But Plaintiff fails to identify with specificity which facts she alleges are newly available or how Plaintiff learned of those facts. Just as before, "[s]he merely copies-and-pastes the Amended Complaint into her . . . brief." (*See* Doc. 37 at 24.) And Plaintiff fails to explain how those alleged facts – whichever ones are new – would change the result.

#### A. Most of the alleged facts Plaintiff cites to in her Motion were already contained in the First Amended Complaint.

Most of the alleged facts Plaintiff cites to in her Motion were already present in the First Amended Complaint. The table in Exhibit A demonstrates this. Only four of the alleged facts that Plaintiff cites to in the Motion are substantially new: (1) that managers and human resources said they were in a "pre-litigation posture" with her, (2) that "her harasser" called her a "ni*ger" and "black bitch," (3) that Defendant Price referred to Plaintiff as "young lady," and (4) that Plaintiff was placed on a special evaluation or performance improvement plan. None of the other alleged facts cited are newly alleged. So none of those other alleged facts cited are newly available under Rule 7.3.

#### B. Plaintiff already knew some of the newly alleged facts, so they do not qualify as newly available evidence.

The interpretation of a word or phrase in one court rule is relevant to its interpretation in another rule. *United States v. Figueroa-Camarillo*, No. 1:23-CR-00946-WJ-1, 2024 WL 3676946, at *3 n.4 (D.N.M. Aug. 6, 2024) ("the interpretation of 'transaction' in one Rule is

6

relevant to its interpretation in another Rule") (citing *Delta Air Lines v. August*, 450 U.S. 346, 353, (1981) and *Marek v. Chesny*, 473 U.S. 1, 21, (1985) (Brennan, J., dissenting)). Accordingly, cases interpreting the meaning of newly discovered or newly available evidence in the context of Rules 59 and 60 are relevant here too. From those cases it can be seen that if the evidence was available to the party before, then it does not qualify as newly available:

"A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (10th Cir. 2000). "[I]f it was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief." 11 Wright & Miller's Federal Practice & Procedure § 2859 (3d ed. Sept. 2025 update) (citing *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224 (10th Cir. 2007)). "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 212 (9th Cir. 1987).

This also affects whether a party should be allowed to amend a complaint to add those previously known facts. *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors. These include whether . . . the party had had sufficient opportunity to state a claim and failed.").

Of the four newly alleged facts identified above, two were already within the knowledge of Plaintiff at the time of the First Amended Complaint. The "young lady" comments were made directly to Plaintiff and Plaintiff would have known about them. Plaintiff also knew that she had been placed on a special evaluation or performance improvement plan. She even signed the

forms acknowledging it. (Exhibit B at 4, 11.)

Alternatively, if Plaintiff somehow did not previously know about these facts while working at the KBI, then these alleged facts could not have reasonably deterred her from engaging in protected activity.

Further in the alternative, "petty slights, minor annoyances, and simple lack of good manners" do not "deter victims of discrimination from complaining to the EEOC." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Therefore, the alleged "young lady" comments would not have reasonably deterred any protected activity.

C.  **For the remaining newly alleged facts, Plaintiff has not alleged or shown she was aware of those actions at the time or that they reasonably deterred her from protected activity.**

Two newly alleged facts remain: (1) that managers and human resources said they were in a "pre-litigation posture" with her, (2) that "her harasser" called her a "ni*ger" and "black bitch." For these two newly alleged facts, Plaintiff has not alleged that she knew about these facts while working at the KBI, so she has not shown that these alleged facts could have reasonably deterred her from engaging in protected activity. And Plaintiff has testified that she never heard anyone at the KBI refer to her as a "ni*ger" or "black bitch." (Exhibit C at 4-5.)

Alternatively, if Plaintiff did in fact know about these facts while working at the KBI, then those facts would not be newly available to her, could have been alleged before, and would not qualify under Rule 7.3.

**CONCLUSION**

For these reasons, Defendant asks that Plaintiff's motion be denied in part. However, Defendant does not oppose the specific amendments that remove the racial-discrimination and age-discrimination claims.

8

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
james.todd@ag.ks.gov
 (785) 296-6244
(785) 368-8423
Fax: (785) 291-3767
*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record:

Erin N. Vernon, Kevin Baldwin, and EmmaLee Wilson
108 S. Pleasant St.
Independence, MO 64050
Erin@bvtrialattys.com
Kevin@bvtrialattys.com
Emma@bvtrialattys.com
*Attorneys for Plaintiff*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General

10