IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **DEBORAH C. BROIL,** | | |
| | **Plaintiff,** | **Case No. 24-2029-DDC-RES** |
| **v.** | | |
| **KANSAS BUREAU OF INVESTIGATION,** | | |
| | **Defendant.** | |

## MEMORANDUM AND ORDER

Before the court is plaintiff Deborah C. Broil's Motion for Reconsideration and Motion for Leave to File Second Amended Complaint (Doc. 99). Plaintiff's motion asks the court to: (1) reconsider its dismissal of plaintiff's hostile-work-environment claim; and (2) allow plaintiff to file an amended complaint with new allegations based on facts revealed during discovery. Doc. 99. But plaintiff has abandoned her first request and failed to demonstrate—or even mention—the good cause required to succeed in her second request. The court thus denies plaintiff's motion. It explains this result, below.

## I.      Background

Some brief context helps situate plaintiff's motion. After plaintiff filed her employment-discrimination suit, defendant Kansas Bureau of Investigation moved to dismiss it under Rule 12(b)(6). Doc. 25. The court granted that motion in part and denied it in part. Doc. 37. Relevant here, the court dismissed plaintiff's retaliatory hostile-work-environment claim. *Id.* at 26. But, in doing so, the parties and the court used the wrong legal standard. *See* Doc. 92 (explaining distinction between legal standard for hostile-work-environment claims and

retaliatory hostile-work-environment claims); *see also* Doc. 35 at 26–27.  The court identified its error and promptly notified the parties.  Doc. 92.  The court then convened a status conference to solicit their views about how best to proceed.  Doc. 96.  After all, "the rules of procedure explicitly authorize federal district courts to revise any final judgment" and, as our Circuit has explained, "courts should not hesitate to correct prejudicial errors[.]"  *Spann v. Nat'l Conf. of Bar Exam'rs*, 166 F.4th 1201, 1207 (10th Cir. 2026).

At the status conference, plaintiff expressed her desire to file a motion for reconsideration and a motion to amend her Complaint.  The court agreed to entertain that motion—but never agreed to grant any relief.  Plaintiff thus filed her now-pending motion, asking the court to reconsider its previous partial dismissal and asking for leave to amend her pleading to add new allegations she had unearthed during discovery.  In a surprising gambit, plaintiff's reply brief abandoned her reconsideration request, opting instead to focus exclusively on her proposed Second Amended Complaint and its purported legal sufficiency.  *See* Doc. 107 at 1–2.  Thus, the sole relief plaintiff seeks is leave to file a Second Amended Complaint.

## II.        Legal Standard

The Scheduling Order's deadline for amending the pleadings has come and gone.  *See* Doc. 44 at 2 (setting deadline for motions to amend as May 30, 2025).  The court thus outlines the governing legal standard for a motion to amend a pleading after a scheduling-order deadline has expired.

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  The "Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."  *Husky Ventures, Inc. v. B55*

2

*Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotation cleaned up). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (quotation cleaned up). Meanwhile, "Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading only by leave of court or by written consent of the adverse party. The Rule specifies that leave shall be freely given when justice so requires." *Mengert v. United States*, 120 F.4th 696, 717 (10th Cir. 2024) (quotation cleaned up).

The court now applies this standard to plaintiff's motion here.

**III.    Analysis**

Plaintiff hasn't made any argument trying to establish good cause under Rule 16 for her late-breaking request to amend her complaint. "This omission by [plaintiff] is fatal to her argument." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021). "Specifically, when a party seeking to amend her complaint fails, after the deadline for amendment in a scheduling order, to present a good cause argument under Rule 16(b), a lower court does not abuse its discretion by denying leave to amend." *Id.* Even if the late-moving party "satisfies Rule 15(a)'s standard, the party must also [secure] leave to amend the scheduling order." *Id.* Plaintiff hasn't done so.

Plaintiff's brief references Rule 15 (though even that discussion is perfunctory, Doc. 99 at 4–5), but like the plaintiff in *Hamric*, she wholly fails to discuss Rule 16 or present any good-cause argument, *see generally id.*; Doc. 107. Where, as here, a plaintiff "did not attempt to satisfy the Rule 16(b) standard for amending the Scheduling Order," the court properly may deny her motion to amend a pleading after the scheduling-order deadline. *Hamric*, 6 F.4th at 1118; *see also Husky Ventures*, 911 F.3d at 1020 (explaining that "the district court did not abuse its

3

discretion by refusing to permit amendment" where movant "made absolutely no arguments to show good cause for late amendment of the pleadings" (quotation cleaned up)).[1]

Because plaintiff hasn't shouldered her burden to establish good cause, the court needn't consider whether plaintiff has satisfied Rule 15's requirements. *See Tesone*, 942 F.3d at 990 (explaining that "if the movant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether the movant has satisfied the requirements of Rule 15(a)" (quotation cleaned up)). The court thus denies plaintiff's request to file an amended pleading based on her failure to establish good cause for doing so under Rule 16.

One final nail for the coffin. Plaintiff's motion doesn't comply with our court's local rule governing amendments of pleadings: D. Kan. Rule 15.1. This rule requires parties "filing a

---

[1]    The court needn't decide whether plaintiff could satisfy the good-cause standard, had she made such an argument. Courts "normally decide only questions presented by the parties." *Colorado v. EPA*, 989 F.3d 874, 885 (10th Cir. 2021) (quotation cleaned up). No party has asked the court to decide whether plaintiff has established good cause to amend the scheduling order—nor has any party made any argument in favor of such a finding. The court can't abandon its position as a neutral arbiter and come to plaintiff's aid as an advocate. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (explaining that courts "have a limited and neutral role in the adversarial process" and must remain "wary of becoming advocates who . . . make a party's case for it").

But, the court notes, it doesn't appear that plaintiff could satisfy the good-cause standard. Plaintiff learned about most of her new allegations at least four months before she filed her current motion. *See* Doc. 107 at 2–4. She's offered no explanation for her four-month delay in seeking leave to amend. *See Birch v. Polaris Indus, Inc.*, 812 F.3d 1238, 1247–49 (10th Cir. 2015) (finding no abuse of discretion where district court denied out-of-time request for leave to amend under Rule 16 where plaintiffs "waited four months to seek amendment—with no adequate explanation"). Plaintiff asserts that she didn't learn about a few of her new facts until a month before filing her motion. *See* Doc. 107 at 2–4. But plaintiff never explains how she exercised diligence in pursuing her claims related to these allegations or why she couldn't have learned these facts sooner. *See Hamric*, 6 F.4th at 1118 (explaining that good cause requires a movant to "show that the scheduling deadlines cannot be met despite the movant's diligent efforts" (quotation cleaned up)). The court declines to undertake this analysis on plaintiff's behalf. The long and short of it is this: plaintiff never argued that she has good cause for her late-breaking motion, and it's not the court's job to conjure that explanation for her.

Nor does the court's misidentification of the law on a narrow issue provide good cause. Recall that plaintiff has abandoned her request for the court to reconsider its previous motion-to-dismiss ruling. *See* Doc. 107 at 1–2. So, the only relief plaintiff now seeks is permission to file a new complaint. But the court's misidentification of the law didn't prevent plaintiff from amending her complaint months ago or pursuing her claims diligently.

4

motion to amend" to "attach a redlined version of the proposed amendment that shows *all* proposed changes to the pleading[.]" D. Kan. Rule 15.1(a)(3) (emphasis added). Plaintiff has violated this rule. Though plaintiff filed a redlined version of her proposed amended complaint, Doc. 99-2, by plaintiff's own admission, she failed to show all of the changes to her pleading in that redlined version, Doc. 107 at 5–6. Apparently, the redlined version that plaintiff has submitted doesn't show removal of certain facts, altered spellings, grammatical edits, and expanded factual allegations. *Id.* So, plaintiff has violated our local rule by failing to show *all* changes in the redlined version of her pleading. "Plaintiff's failure to comply with D. Kan. Rule 15.1 is alone sufficient to deny leave to amend." *Hackemann-Bahlmann v. Kan. State Univ.*, No. 24-CV-04098-JAR-GEB, 2025 WL 1784930, at *10 n.83 (D. Kan. June 27, 2025); *see also Series 17-03-615 v. Teva Pharmas. USA, Inc.*, 785 F. Supp. 3d 904, 966 (D. Kan. 2025) ("[T]he Court disregards any motion or request to amend which does not comply with District of Kansas Rule 15.1(a)."). So, even if plaintiff had carried her burden under Rule 15 and Rule 16 of the Federal Rules of Civil Procedure, her failure to abide our local rule governing amendment— alone—would justify the result the court reaches here.[2]

## IV.    Conclusion

The court identified an error of law in its previous dismissal of plaintiff's hostile-work-environment claim. But plaintiff has abandoned her request for the court to reconsider that

---

[2]    Plaintiff's counsel has violated our court's local rules in serial fashion. *See* Doc. 106 (noting a local-rule violation and compiling plaintiff's counsel's violations in this case). The court recently warned plaintiff's counsel that it likely would sanction future conduct that violated our court's local rules. *Id.* The court won't impose sanctions here because the violative conduct that this Order identifies took place before the court issued its warning. *Compare* Doc. 99 (filed on Feb. 20, 2026), *with* Doc. 106 (filed on Apr. 6, 2026). Plus, denying plaintiff's request to amend is a sufficient sanction for this violation. All the same, the court once again—for the fourth time in this case—reminds plaintiff's counsel of their duty to abide the court's local rules. Local rules aren't suggestions. They're binding mandates with "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quotation cleaned up). And the court reiterates its warning: the court likely will sanction future conduct that violates our court's rules.

ruling, opting instead to go all-in on her request to amend her pleading.  Fatally, plaintiff hasn't made any argument that her late-breaking request to amend satisfies Rule 16's good-cause standard.  So, the court won't permit her to amend her pleading.  The court thus denies plaintiff's Motion for Reconsideration and Motion for Leave to File Second Amended Complaint (Doc. 99).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Deborah C. Broil's Motion for Reconsideration and Motion for Leave to File Second Amended Complaint (Doc. 99) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**