**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DEBORAH (DC) C. BROIL,**

**Plaintiff,**

**v.** **Case No. 24-CV-2029-DDC-RES**

**STATE OF KANSAS, KANSAS BUREAU OF INVESTIGATION AND ITS REPRESENTATIVES,**

**Defendant.**

## MOTION TO REDACT

Defendant the Kansas Bureau of Investigation, through Assistant Attorneys General James Eric Todd and Matthew L. Shoger, moves to redact ten exhibits to their Motion for Summary Judgment. Specifically, the Defendant moves to redact portions of Exhibits 7, 9, 10, 61, 76-80, and 82 (Docs. 121 through 121-9) in accordance with D. Kan. Rule 5.4.2. These exhibits were provisionally filed under seal. The proposed redactions do not involve any facts referred to in Defendant's Motion for Summary Judgment or in Plaintiff's factual allegations in the Pretrial Order and are not relevant to the matters before the Court. As explained below, the proposed redactions are made to avoid disclosing sensitive information. Highlighted, proposed redactions will be sent to the judge's chambers immediately following this filing.

Defendant has consulted with Plaintiff. Plaintiff indicated that Plaintiff opposes this motion in part. Plaintiff does not oppose the proposed redactions to Exhibits 7, 9, 10, or 61. For Exhibits 76-80, Plaintiff opposes all proposed redactions except the proposed redactions regarding home addresses, medical information, and the removal of the inadvertently included pages in Exhibit 80. For Exhibit 82, Plaintiff opposes the proposed redactions regarding Interrogatories #8 and #9 but does not oppose the other proposed redactions to that exhibit.

***Exhibits 7, 9, and 10***

Exhibits 7, 9, and 10 contain attorney-client privileged information, which should be redacted from public view as well as from the Plaintiff. Specifically, these contain emails with Laura Graham, who was at that time the General Counsel for Defendant. The subject and body of these emails constitute attorney-client privileged communications. *See* Fed. R. Evid. 501 and 502. Defendant includes and cites these exhibits only to point to the other forwarded emails which they contain in the same email chain. Defendant does not invoke attorney-client privilege regarding the contents of the forwarded emails. The top-level emails for which redaction is proposed are not cited or referred to in Defendant's Motion. Rather, Defendant's Motion cites only the non-privileged portions of these exhibits. For these three exhibits (7, 9, and 10), to preserve the attorney-client privilege, Defendant has served only redacted versions on the Plaintiff.

***Exhibit 61***

The unredacted versions of Exhibits 61, 76-80, and 82, have been served on the plaintiff, but portions should be redacted from public view due to them containing sensitive information. Exhibit 61 contains an unrelated individual's personally identifiable information (PII). Specifically, it contains a non-KBI police officer's name and phone number. These PII details, especially the phone number, are not relevant to this case and should be redacted. *Fullington v. Ill. Tool Works, Inc.*, No. 21-2287-DDC, 2022 WL 1538679, at *2 (D. Kan. May 16, 2022) (permitting the redaction of the "names of non-parties whose conduct isn't relevant to this lawsuit"); *Kincaid v. Unified Sch. Dist. No. 500*, No. 21-2059-DDC, 2022 WL 2046193, at *1 (D. Kan. June 7, 2022) (directing a party to redact non-party contact information appearing in exhibits, including "phone numbers, e-mail addresses, and physical street addresses"). Disclosing a law enforcement officer's direct phone number may result in harassing calls, unsolicited

marketing calls, phishing scams, and the inability to effectively screen calls appropriately through the main number of the law enforcement agency.[1] Disclosing a non-party's name may unnecessarily publicly associate that person with embarrassing or controversial claims in a federal lawsuit, which may result in reputational harm, with no commensurate benefit to the case. For example, future employers may discover lawsuit-related results when searching the individual's name on the internet. Disclosure of this PII of non-parties is not relevant to the matters before the Court and should be redacted.

***Exhibits 76-80***

Exhibits 76-80 contain confidential information including home addresses, personnel information, and confidential administrative case information.

These exhibits contain the home addresses of several individuals in law enforcement as well as employment history data. Exhibit 76 contains a home address on page 9. Exhibit 77 contains a home address and additional identifying information regarding its location on pages 5-6. Exhibit 78 contains a home address on page 7. Exhibit 79 contains a home address on page 105. Exhibit 80 contains a home address on page 76. Home address information should be kept private. *See Gomez v. Epic Landscape Prods., L.C.*, No. 22-2198-JAR, 2024 WL 1741102, at *1 (D. Kan. Apr. 23, 2024) (ordering the sealing or redacting of "home addresses" as "confidential information"); *McWilliams v. Dinapoli*, 40 F.4th 1118, 1133 (10th Cir. 2022) (permitting redaction of "home addresses" as "sensitive personal information"); *see also* Kan. Sup. Ct. R. 24(a), (b)(11) (requiring redaction of home addresses in state court filings in Kansas). Disclosure

[1] Defendant also notes that automated scraper bots are known to automatically harvest and sell such contact information from information online, including court filings, which increases the likelihood of these harms. *See, e.g., Bad Bots: Regulating the Scraping of Public Personal Information*, 34 Harv. J.L. & Tech. 701 (2021), https://jolt.law.harvard.edu/volumes/volume-34.

of home addresses, especially for employees of a law enforcement agency, would create a threat to the individuals' personal safety and could result in stalking, vandalism, and harassment. Further, this information is not relevant to the present case. Accordingly, this information should be redacted from public view.

Several of these exhibits contain references by counsel to embarrassing and sensational allegations made by a coworker about another coworker. This occurs in Exhibit 76 on pages 22-23 and 74-76; in Exhibit 77 on pages 17-18, 31-35, and 37-39; in Exhibit 78 on pages 84-87; Exhibit 79 on pages 35-37 and 86-87; and Exhibit 80 on pages 60-65 and 67. These allegations are not contained in Plaintiff's allegations in the pretrial order. Further, no allegations have been made that this information was ever communicated to Plaintiff or to her supervisors. In fact, those same pages demonstrate that Plaintiff's supervisors were not aware of those allegations. So, the allegations do not appear relevant to any claims in this case, such as a retaliation claim. Public revelation of these allegations in testimony (or questions during testimony) in association with these allegations could cause reputational, economic, and emotional harm to that coworker. It could also cause reputational harm to Defendant. Further, this information becoming public could potentially result in sensational media reports and could cause prejudice with a future jury – despite it likely being inadmissible at trial due to it not relating to the current claims. *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (citing *United States v. Hubbard*, 650 F.2d 293, 320-21 (D.C. Cir. 1980)) ("Sensational disclosure that will cause a party prejudice in later proceedings goes to the appropriateness of sealing."). Due to such harms, and because the information does not appear relevant to the claims in this case, Defendant requests that those sections of the depositions be redacted from the public record, especially the individual's name along with other excerpts that could be used to identify the individual. *See United States v.*

*Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) ("courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption'").

Exhibit 77 at page 58 contains the name of a non-party former employee who was terminated. Termination is a form of employee discipline. Disclosures of events regarding non-party employee discipline (regardless of the level of severity) may contain embarrassing material and could cause reputational, economic, and emotional harm to the non-parties. *See Williams v. Bd. of Cnty. Comm'rs*, No. CIV. A. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) ("The Court recognizes that personnel files and records and are confidential in nature and that, in most circumstances, they should be protected from wide dissemination."); *Dahdal v. Thorn Americas, Inc.*, No. Civ.A. 97-2119, 1997 WL 599614, at *1 (D. Kan. Sept. 15, 1997) (holding that public revelation of "employment discipline" information "would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit" and "could cause economic or emotional harm"); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73 (S.D.N.Y. Mar. 30, 2010) (saying "courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed") (citing *Dahdal*, 1997 WL 599614, at *1) (collecting cases); *see also* K.S.A. 45-221(a)(4) (saying that state employee personnel records are not required to be disclosed under Kansas law with only a few exceptions). The individual's name is not relevant to this case. Accordingly, this information should be redacted from public view.

Exhibit 79 on pages 5-6 as well as Exhibit 80 at pages 9-10 contain a witness's medical

information. A person has significant privacy interests in his or her medical records. *Robinson v. Holmes*, No. 21-2602-DDC, 2022 WL 17569954, at *1 & n.6 (D. Kan. Nov. 1, 2022). "Disclosure of . . . unredacted medical records would be sufficient to establish a private harm that would overcome the public's right of access to judicial records." *Id.* This information is also not relevant to the case. Accordingly, this information should be redacted from public view.

Due to a clerical error, Exhibit 80, as filed provisionally under seal, inadvertently included additional pages, including an index and a second, condensed version of the transcript already included. Rather than redact the information above throughout the index and the condensed transcript, Defendant requests that the Court remove the pages after page 79 in Exhibit 80 (that is, after the reporter's certificate) before posting the document to the public docket. Alternatively, Defendant requests an opportunity to separately mark those inadvertently included pages with proposed redactions.

***Exhibit 82***

Exhibit 82 contains various types of confidential information including home addresses, personnel information, and confidential administrative case information. The response to **Interrogatory #8** contains personnel disciplinary information for non-parties, including excerpts from a performance review of a non-party. Two events contained within the response are referred to in Defendant's Motion for Summary Judgment, and so Defendant does not seek to redact the descriptions of those events. However, the events that Defendant proposes to redact do not appear in Defendant's Motion or in Plaintiff's factual allegations in the Pretrial Order and should be redacted. Similarly to with Exhibit 77, disclosures of events regarding non-party employee discipline (regardless of the level of severity) may contain embarrassing material and could cause reputational, economic, and emotional harm to the non-parties. *See Williams*, 2000 WL 133433, at *1; *Dahdal*, 1997 WL 599614, at *1; *Duling*, 266 F.R.D. at 72-73; *see also*

K.S.A. 45-221(a)(4). Accordingly, this information should be redacted from public view.

The response to **Interrogatory #9** contains identifying information of a terminated non-party employee. Termination is a type of employee discipline. So the reasons discussed in the previous paragraph for redacting non-party employee discipline information also apply here. Revelation of this information could cause reputational, economic, and emotional harm to that non-party for those same reasons. The fact that another KBI forensic chemist was terminated in the time frame specified in the question may be relevant to the present case. But the PII of that individual (including the date of termination, which could be used to identify the employee) is not relevant. Accordingly, this information should be redacted from public view.

The responses to **Interrogatories #12 and #14** contain the home addresses of several individuals in law enforcement as well as employment history data. For the same reasons as with Exhibits 76-80 above, the home address information should be redacted. *See Gomez*, 2024 WL 1741102, at *1; *McWilliams*, 40 F.4th at 1133; *see also* Kan. Sup. Ct. R. 24(a), (b)(11).

Additionally, specific personal details such as employment dates could be used by bad actors for identity theft, social engineering, and fraud. *See, e.g.,* Dan Saltman, *Social Engineering Threats on LinkedIn*, Redact, https://redact.dev/blog/social-engineering-threats-on-linkedin (June 16, 2025) (discussing scammers using "job history" to target victims and "[s]cams that reference your work history"). And this information would not normally be public under state law. *See* K.S.A. 45-221(a)(4). However, because the relevant individuals are major witnesses in the case and they discussed some of their information in the background portions of their testimonies, Defendant seeks minimal redactions with regard to these individuals' employment history data. Defendant seeks only to redact the specific month and day for each date, leaving the year. The specific month and day are not relevant to the present case.

Accordingly, this information should be redacted from public view.

The response to **Interrogatory #16** contains confidential information regarding separate, confidential complaints by non-parties to the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission (KHRC), including names of the non-party individuals who brought complaints. *See* 42 U.S.C. §§ 2000e-5(b) (prohibiting the EEOC from publicly disclosing complaints), 2000e-8(e) (same); *Atchison, Topeka & Santa Fe Ry. Co. v. Lopez*, 216 Kan. 108, Syl. ¶ 5 (citing K.S.A. 44-1005(e)) ("the Kansas Commission on Civil Rights is required to treat any and all information gathered in the course of an investigation by the Commission as confidential").[2] Disclosure of this information could cause reputational, economic, and emotional harm to the non-party individuals who complained. For example, it could cause prospective employers to view them as litigious or otherwise risky to hire. It could also potentially negatively impact how they are seen by coworkers. Voluntary public disclosure of this information by the Defendant could potentially be viewed as retaliation by the Defendant due to the risk of harm to the non-party individuals. This information (although it does not include any details) could also potentially cause reputational harm to the Defendant by revealing the existence of specific administrative complaints. Defendant would not be able to defend its reputation by addressing the facts of these complaints publicly, as doing so may harm non-party complainants and may be considered retaliation. This information is not relevant to the present case and should be redacted from public view.

The response to **Interrogatory #23** contains confidential personnel information

---

[2] *See also* KHRC, KHRC Court Cases, http://www.khrc.net/cases.html (last visited Aug. 5, 2026) ("In 1991, the name of the Kansas Commission on Civil Rights was changed to the Kansas Human Rights Commission.").

regarding multiple non-party individuals. This information would not normally be public under state law. *See* K.S.A. 45-221(a)(4). Specific personal details such as employment dates and information about past work experience could be used by bad actors for identity theft, social engineering, and fraud. *See, e.g.,* Dan Saltman, *Social Engineering Threats on LinkedIn*, Redact, https://redact.dev/blog/social-engineering-threats-on-linkedin (June 16, 2025) (discussing scammers using "job history" to target victims and "[s]cams that reference your work history"). Similar to with Exhibit 61, disclosing a non-party's name may unnecessarily associate that person with embarrassing or controversial claims in a federal lawsuit, including in internet search results, which may result in reputational harm, with no commensurate benefit to the case. *See Fullington*, 2022 WL 1538679, at *2 (permitting the redaction of the "names of non-parties whose conduct isn't relevant to this lawsuit"). Disclosure of this PII of non-parties is not specifically relevant to the matters before the Court and should be redacted. However, because Christa Knox is a major witness in the case and she discussed some of her information in the background portion of her testimony, Defendant seeks minimal redactions with regard to her information. Defendant seeks only to redact the specific month and day for each date with regard to Knox, leaving the year.

Although the information in this response can be used to calculate the duration of the initial training programs for each person, that calculation can easily be discussed by the parties without using names or specific dates. For example, the following deidentified data would accomplish this:

| **Person** | **Duration of Initial Training Program** |
|---|---|
| Christa Knox | 14 months, 9 days (435 days) |
| Person A | 13 months, 27 days (423 days) |
| Person B | 23 months, 24 days (724 days)<br>*(with an initial date in mid-2019, such that the COVID-19 lockdowns occurred less than* |

| | |
|---|---|
| | *a year into the training program)* |
| Person C | 17 months, 20 days (539 days) |
| Person D | 1 month, 26 days (57 days) *(because she had previous forensic chemistry experience at the KBI specifically)* |
| Person E | 18 months, 4 days (551 days) |
| Person F | 17 months, 16 days (533 days) |
| Person G | still in progress as of 12 months, 14 days (379 days) |
| Person H | left employment with KBI before completion |
| Person I | still in progress as of 5 months, 17 days (170 days) |

The court can check any deidentified numbers like this against the unredacted copy of this information that was filed. The specific names, dates, and other personnel info, due to the harms articulated above, should be redacted from public view.

***Conclusion***

Although a presumption exists in favor of public access, strong privacy interests in this case support redacting these records. The potential risks of harm outweigh the public interest in accessing the information. For the above reasons, Defendant requests that Exhibits 7, 9, 10, 61, 76-80, and 82 be redacted as proposed.[3]

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ James Eric Todd*
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General

[3] Defendant notes that it marked several other filed exhibits with "Confidential – Subject to Protective Order" during discovery but did not ultimately file those exhibits under seal. Although Defendant identified various privileges and/or other confidentiality concerns regarding those documents, Defendant has chosen to waive them for purposes of those particular filed documents.

120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
James.Todd@ag.ks.gov
Tel: (785) 296-2215
Fax: (785) 291-3767
*Attorney for the Defendant*

Matthew L. Shoger, KS No. 28151
Assistant Attorney General / Deputy Chief Counsel
Kansas Bureau of Investigation
1620 SW Tyler St.
Topeka, Kansas 66612
matt.shoger@kbi.ks.gov
(785) 296-8200
Fax: (785) 296-0915
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th of August, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Erin N. Vernon
Sylvia Hernandez
erin@bvtrialattys.com
sylvia@bvtrialattys.com
Baldwin & Vernon Trial Attorneys, LLC
108 South Pleasant Street
Independence, MO 64050
*Attorneys for Plaintiff*

*/s/ James Eric Todd*
James Eric Todd
Assistant Attorney General