**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | |
|---|---|
| **DEBORAH (DC) C. BROIL,** | ) |
| | ) |
| **Plaintiff,** | )**Case No. 2:24-CV-02029** |
| | ) |
| **v.** | ) |
| | ) |
| **STATE OF KANSAS, KANSAS BUREAU OF INVESTIGTION AND ITS REPRESENTATIVES** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION, IN PART, TO DEFENDANT'S MOTION TO REDACT**

COMES NOW Plaintiff, D.C. Broil, by and through her attorneys of record, and provides the following arguments in opposition, in part, to demonstrate why the Court should deny some of the requests in Defendant's Motion to Redact (Doc. 123).

## I. INTRODUCTION

Defendant filed a Motion to Redact ten exhibits of their Motion for Summary Judgment. Defendant moves to redact portions of Exhibits 7, 9, 10, 71, 76-80, and 82, pursuant to D. Kan. Rule 5.4.2. (Docs. 121 through 121-9).

Plaintiff opposes Defendant's motion in part. Plaintiff does not oppose the proposed redaction to Exhibits 7, 9, 10, or 61. For Exhibits 76-80, Plaintiff does not oppose the proposed redaction regarding home addresses, medical information, and the removal of the inadvertently included pages in Exhibit 80, however, Plaintiff opposes all other redactions. For Exhibit 82, Plaintiff opposes the proposed redactions regarding Interrogatories #8 and #9 but does not oppose the other proposed redactions.

## II. ARGUMENT

Federal courts have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. *Crystal Grower's*, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. *Id.*; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted). To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. *Colony Ins.*, 698 F.3d at 1242; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

*Douglass v. Garden City Community College*, No. 20-2076-KHV, (D. Kan. Aug. 25, 2020).

Under D. Kan. Rule 5.4.2 the proponent that seeks to make redactions to documents to be filed in the public record, must show the following:

(2) the confidentiality interest to be protected and why such interest outweighs

the presumption of public access (stipulations between the parties or

stipulated protective orders, alone, are insufficient to justify restriction);

(3) a clearly defined and serious injury that would result in the absence of restricting public access;

(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question;

Under Federal Rules of Civil Procedure 5.2(a) permits redaction of limited information, stating: "in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number."

Defendant's proposed redactions attempt to expand the rules. Defendant however, has not showed that their interest outweighs the presumption of public access. There is no serious injury in allowing such testimony to be public. Furthermore, all the proposed redacted testimony is relevant to the Plaintiff's case as it goes to Plaintiff's retaliation count.

**Exhibit 76-80**

Exhibit 76 to 80 include deposition testimony. Defendant seeks to redact deposition testimony, arguing that the testimony is not relevant to Plaintiff's claims in this case and that revelation of the testimony could cause embarrassment, reputational, economic, and emotional harm to the employee's and Defendant.

Plaintiff does not oppose the proposed redaction regarding home addresses, medical information, and the removal of the inadvertently included pages in Exhibit 80, however, Plaintiff opposes all other redactions. The following are the lines of each exhibit Defendant is seeking to redact:

- Exhibit 76 page 22-23 proposed redaction includes testimony about racist comments. Although, Plaintiff no longer has a count for race, Plaintiff has a retaliation count for which she needs to demonstrate she made protected complaints, including a race discrimination complaint.
- Exhibit 76 page 74-76 proposed redaction includes testimony regarding Plaintiff's complaint of racial discrimination. It also includes testimony regarding what is consider a violation of Defendant's policy against discrimination. This is all relevant information as it goes to Plaintiff's retaliation count. Plaintiff has to demonstrate that she engaged in protected opposition to discrimination.
- Exhibit 77 page 17-18 proposed redaction includes testimony regarding the chemistry department pattern regarding black or foreign employees. This again goes to Plaintiff's retaliation count as she complained of race discrimination, as Plaintiff has to show she had a reasonable good-faith belief that she was opposing discrimination.
- Exhibit 77 page 31-35 proposed redaction includes testimony about racist comments and what is consider a violation of Defendant's policy against discrimination. It also includes testimony regarding Plaintiff's complaint of racial discrimination. This is all relevant information as it goes to Plaintiff's retaliation count. Plaintiff has to demonstrate that she engaged in protected opposition to discrimination.

- Exhibit 77 page 37-39 proposed redaction includes testimony about racist comments. This is all relevant information as it goes to Plaintiff's retaliation count.
- Exhibit 77 pg. 58, proposed redaction includes testimony regarding another employee who was terminated. This can potentially be a comparator. Plaintiff agrees to redact the name of the employee terminated and only leaving the initials.
- Exhibit 78 page 84, proposed redaction includes testimony about racist comments.
- Exhibit 78 page 86-87, proposed redaction includes testimony about potential race discrimination against a candidate who interviewed for employment. Showing Defendant's pattern and practice.
- Exhibit 79 page 35-37, proposed redaction includes testimony regarding what is considered a violation of Defendant's policy against discrimination. This goes to Plaintiff's retaliation count as she complained of race discrimination, as Plaintiff has to show she had a reasonably good-faith belief that she was opposing discrimination.
- Exhibit 79 page 86-87, proposed redaction includes testimony regarding racial comments. This goes to Plaintiff's retaliation count as she complained of race discrimination.
- Exhibit 80 page 60-65, proposed redaction includes testimony regarding racial comments and what is considered a violation of Defendant's policy against discrimination. This goes to Plaintiff's retaliation count as she complained of race discrimination. Plaintiff has to show she had a reasonably good-faith belief that she was opposing discrimination.
- Exhibit 80 page 67, proposed redaction includes testimony regarding an employee's potential pattern and practice of discriminating against non-whites. This goes to

Plaintiff's retaliation count as she complained of race discrimination, as Plaintiff has to show she had a reasonably good-faith belief that she was opposing discrimination.

Regarding all proposed redactions of the sections mentioned above, Defendant argues that they are not relevant to Plaintiff's claims in this case and that revelation of the testimony could cause embarrassment, reputational, economic, and emotional harm to the employee's and Defendant. Defendant further argues that it could potentially result in "sensational media reports and could cause prejudice with future jury." Defendant is seeking is to expand the redaction rules beyond what it is permitted under the law. If we are to redact everything that can cause embarrassment or cause harm to Defendant in the media, then everything would have to be redacted. Regarding the concern with future jury, the questions asked during voir dire can remedy this.

As to Exhibit 77 pg. 58, which contains a non-party former employee who was terminated, Plaintiff has proposed a lesser alternative that still meets Defendant's needs and agrees to redact the name of the employee terminated and only leaving the initials.

Regarding all other proposed redacted testimony, Defendant has not showed that their interest outweighs the presumption of public access. There is no serious injury in allowing such testimony to be public. Furthermore, all the proposed redacted testimony is relevant to the Plaintiff's case as it goes to Plaintiff's retaliation count.

**<u>Exhibit 82</u>**

For Exhibit 82, Plaintiff opposes the proposed redactions regarding Interrogatories #8 and #9 but does not oppose the other proposed redactions.

Regarding Exhibit 82, Interrogatory #8, the proposed redaction includes information of other employees receiving discipline, including the bad actor in this case. Defendant argues this

contains embarrassing material and could cause reputational, economic, and emotional harm. Defendant cites Kan. Stat. Ann. §45-221(a)(4), which provides that public agencies don't have to disclose employee personnel records–"[e]xcept to the extent disclosure is otherwise required by law[.]" However, K.S.A. §45-221(a)(4) is not sufficient on its own to establish such a confidentiality interest that redaction is required. *See Kincaid v. Unified Sch. Dist. No. 500*, No. 21-2059-DDC, 2022 WL 2046193, at *2-3 (D. Kan. June 7, 2022). Furthermore, response to interrogatory #8 is not actually a personnel records document, it does not include any other personal information such as address, phone numbers, or other information found in personnel records. Defendant cites *Duling,* a New York case, not controlling in this court, nevertheless the court stated:

> "The court generally regards personnel files of employees to be confidential by their nature. The subjects of such files are often non-parties to the litigation. **Such files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having <u>little or no relevancy to the issues in litigation</u>.** To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information."
>
> *Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 73 (S.D.N.Y. Mar. 330, 2010) [emphasis added].

Here, we do not have the full personnel record, it does not contain any personal information. It is simply a response to an interrogatory which contains relevant information to the issues in this case.

Regarding Exhibit 82, Interrogatory #9, the proposed redaction includes information of a terminated employee. Defendant concedes that this is relevant information but argues the reason for the need to redact is to protect from embarrassment. Plaintiff communicated to Defendant that we would agree to redacting the name of the employee and only leaving the initials. This is a lesser alternative that still achieves Defendant's needs.

## III. CONCLUSION

Plaintiff does not oppose the proposed redaction to Exhibits 7, 9, 10, or 61. For Exhibits 76-80, Plaintiff does not oppose the proposed redaction regarding home addresses, medical information, and the removal of the inadvertently included pages in Exhibit 80, however, Plaintiff opposes all other redactions. For Exhibit 82, Plaintiff opposes the proposed redactions regarding Interrogatories #8 and #9 but does not oppose the other proposed redactions.

Regarding the names in Exhibit 77 pg. 58 and Exhibit 82 Interrogatory #9, Plaintiff agrees to redact the name and only leave the initials, but not redact any other information.

As stated herein, Defendant has not overcome the presumption of public access to judicial records for all the redactions discussed herein, accordingly Defendant's motion should be partially denied.

Respectfully submitted,

**Baldwin & Vernon Trial Attorneys, LLC**

By: /s/ ***Sylvia Hernandez***
Erin N. Vernon, KS Bar No. 25792
Sylvia Hernandez, KS Bar No. 78914

108 S Pleasant St.
Independence, MO.
Tel: (816) 842-1102
Fax (816) 842-1104
Erin@bvtrialattys.com
Sylvia@bvtrialattys.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was transmitted via CM/ECF electronic filing this 19th day of August 2026, to all counsel of record.

By: *<u>/s/ Sylvia Hernandez</u>*
Sylvia Hernandez, Attorney for Plaintiff