**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **DEBORAH (DC) C. BROIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:24-CV-02029** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF KANSAS, KANSAS BUREAU OF INVESTIGTION AND ITS REPRESENTATIVES** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Plaintiff, Deborah (DC) C. Broil, by and through her undersigned counsel of record, and moves under D. Kan. Rule 7.1(d)(4) requesting that the Court enter an order allowing up to forty-one (41)-page extension of the page limit provided for in the Court's Local Rules applicable to its Suggestions in Opposition of the Motion for Summary Judgment. In support of this motion Plaintiff states as follows:

1. On July 29, 2026, Defendant filed a motion for summary judgment. (Document 119-120). Defendant's motion sets out 150 uncontroverted facts, has 82 exhibits and four declarations, and it seeks judgment on every remaining claim: Title VII sex discrimination (Count II), and Title VII retaliation (Count III).
2. Pursuant to Local Rule 7.1(d), principal briefs in support of, or in response to, summary judgment must not exceed 40 pages.
3. Defendant's motion included 150 uncontroverted facts which by themselves take 21 pages, and that is without counting Plaintiff's response to those 150 facts. That leaves only 19 pages in which Plaintiff still has to respond to Defendant's facts –which will

take several pages to controvert the 150 facts– then, Plaintiff has to still include its own list of uncontroverted facts, plus Plaintiff's argument.

4. Per the rule, Plaintiff is entitled to 40 pages to respond to Defendant's motion, however, because of the amount of Defendant's uncontroverted facts, Plaintiff won't be able to fully use all those 40 pages to fully oppose Defendant's motion for summary judgment, that is without a page limit extension.
5. Plaintiff requests to have the forty (40) pages given to her by the rule for her argument plus her facts, plus twenty-one (21) pages needed to list Defendant's uncontroverted facts, and twenty (20) extra pages to respond to Defendant's uncontroverted facts.
6. Accordingly, Plaintiff requests a page limit extension of forty-one (41) pages –the twenty-one (21) pages needed to list Defendant's one hundred and fifty (150) uncontroverted facts, and twenty (20) extra pages for Plaintiff to respond to Defendant's uncontroverted facts.
7. Plaintiff requests this page limit extension to be able to fully respond to every argument brought by Defendant.
8. Pursuant to Local Rule 7.1(d)(4) "any motion to exceed these page limits must be filed at least 3 days before the brief's filing deadline." The current deadline to respond to Defendant's motion for summary judgment is August 24, 2026. Accordingly, this motion is timely.
9. Plaintiff's counsel has conferred with counsel for Defendant and Defendant objects to this page extension.
10. This response cannot be written in 40 pages. Discovery in this case was extensive. Defendant produced approximately 10,400 Bates-numbered pages (OAG000001

through OAG010384) and Plaintiff approximately 945 (DCB-P0001 through DCB-P0945). Plaintiff deposed eleven KBI witnesses in twelve depositions between October 2025 and January 2026, including two Rule 30(b)(6) designees; Defendant deposed Plaintiff for a full day on January 23, 2026; and seven KBI-recorded meetings with Plaintiff have been transcribed by a certified court reporter. Several of Defendant's statement of facts rest on four declarations its managers signed in July 2026, and for 125 facts, the declaration is the first-listed support. Only 18 of the 150 cite the sworn deposition testimony of any KBI employee.

11. That choice dictates the length of the response. D. Kan. Rule 56.1(b)(1) requires the opposing brief to 'begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists,' and requires that '[e]ach fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.' Under Rule 56.1(a), any fact not 'specifically controverted' is deemed admitted. A fact supported by a declaration that contradicts the declarant's deposition cannot be controverted in a sentence. The response must quote the declaration, quote the deposition, and cite both with particularity, because *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986), requires the Court to compare them, and this Court's practice is to do so paragraph by paragraph. *Bruce v. Kelly*, No. 20-4077-DDC, Doc. 43 (D. Kan. Dec. 15, 2023).

12. Plaintiff acknowledges that the enlargement she seeks is likely greater than the Court ordinarily grants. She asks for it because the situation is, in her counsel's experience, an extraordinary one.

13. Plaintiff will be substantially prejudiced if she cannot present to the Court the full record developed over many months of discovery that directly contradicts Defendant's declarations. A response confined to 40 pages would force Plaintiff to choose which of Defendant's declaration-based facts to leave uncontroverted, and under Rule 56.1(a) each fact she leaves uncontroverted is deemed admitted. The pages requested are the pages required to put Defendant's own prior sworn statements beside its new ones, fact by fact, so that the Court can decide the motion on the record rather than on the declarations alone.

14. Granting this motion will not delay the case or prejudice Defendant. Plaintiff has offered, and repeats here, that she does not object to an enlargement of Defendant's reply page limit, so that Defendant has a full opportunity to answer the record.

WHEREFORE, Plaintiff requests this Court to grant her a page extension and to allow her to submit up to an additional forty-one (41) pages with its Suggestions in Opposition of Defendant's Motion for Summary Judgment.

Respectfully submitted,

**Baldwin & Vernon Trial Attorneys, LLC**

By: /s/ ***Sylvia Hernandez***
Erin N. Vernon, KS Bar No. 25792
Sylvia Hernandez, KS Bar No. 78914
108 S Pleasant St.
Independence, MO.
Tel: (816) 842-1102
Fax (816) 842-1104
Erin@bvtrialattys.com
Sylvia@bvtrialattys.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was transmitted via CM/ECF electronic filing this 16th day of September 2026, to all counsel of record.

By: */s/ Sylvia Hernandez*
Sylvia Hernandez, Attorney for Plaintiff