**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DEBORAH (DC) C. BROIL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF KANSAS, KANSAS BUREAU OF INVESTIGATION AND ITS REPRESENTATIVES,**<br><br>**Defendant.** | **Case No. 24-CV-2029-DDC-RES** |

**<u>MOTION TO SEAL OR REDACT</u>**

Defendant the Kansas Bureau of Investigation, through Assistant Attorneys General James Eric Todd and Matthew L. Shoger, moves to seal or redact eleven exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment that were provisionally filed under seal. (Doc. 138).[1] Specifically, the Defendant moves to seal or redact portions of Exhibits K, M, O, S, AA, AD, AE, AF, AP, AT, and BF (Docs. 135-4 and 138-1, -3, -5, -8, -14, -15, -16, -17, -20, and -23) in accordance with D. Kan. Rule 5.4.2. Additionally, Defendants seek a redaction from public view of Plaintiff's Statement of Fact 12A along with corresponding references to it on pages 40 and 53 included in the body of her Response. (Doc. 134). The proposed redactions do not involve any facts referred to in Defendant's Motion for Summary Judgment or in Plaintiff's factual allegations in the Pretrial Order and are not relevant to the matters before the Court. As explained below, the proposed redactions are made to avoid disclosing sensitive information. Highlighted, proposed redactions will be sent to the judge's chambers immediately

[1] The Pacer docket indicates a filing date of September 24, 2026, but an entered date of September 25, 2026.

following this filing.

Defendant filed a Motion to Redact on August 5, 2026, to redact exhibits filed provisionally under seal in support of Defendant's Motion for Summary Judgment. (Doc. 123). Defendant adopts and incorporates herein by reference Defendant's previous motion and the arguments contained therein. (Doc. 123). Defendant will spend the remainder of this Motion identifying the new Exhibits submitted by the Plaintiff that Defendant requests to either be redacted or sealed.

Defendant has consulted with Plaintiff. Plaintiff indicated that Plaintiff opposes this motion in part. Plaintiff does not oppose the proposed sealing of Exhibits AT and BF. Plaintiff indicated it would not – for purposes of summary judgment – oppose redactions in other exhibits similar to those proposed earlier in the case. Defendant was unable to present the specific proposed redactions to Plaintiff prior to the filing of this Motion, so Plaintiff's position regarding the specific redactions is unknown.

***Exhibit K***

Exhibit K is the Corporate Representative Deposition transcript of Mary Henderson. (Doc. 138-1). It contains personal information and employment history, including termination, for several non-party employees at the KBI. To avoid reputational, economic, and emotional harm to these non-parties, those portions of the transcript that discuss their employment records (on pages 10, 55-56, and 70-75) should be redacted for those legal reasons set forth in Doc. 123 at 2-3 (regarding non-party names), 5 (regarding information about employee discipline), and 7-9 (regarding personal details such as job history).

***Exhibit M and O***

Exhibits M and O are documents containing employment records of non-parties. (Doc. 138-3 & -5). It contains employment history regarding the completion of training and

performance tracking for several non-party employees at the KBI. To avoid reputational, economic, and emotional harm to these non-parties, their names should be redacted for those legal reasons set forth in Doc. 123 at 2-3 (regarding non-party names), 5 (regarding information about employee discipline), and 7-9 (regarding personal details such as job history).

***Exhibit S***

Exhibit S is an email that contains the name and some employment history information (regarding training) for a non-party co-worker. (Doc. 138-8). To avoid reputational, economic, and emotional harm to these non-parties, those portions should be redacted for the legal reasons set forth in Doc. 123 at 2-3 (regarding non-party names) and 7-9 (regarding personal details such as job history).

***Exhibit AA***

Exhibit AA is the Deposition transcript of Beth Royel. (Doc. 138-14). It contains the home address of Ms. Royel (on page 5), which should be redacted for the legal reasons set forth in Doc. 123 at 3-4. It contains embarrassing and sensational allegations made by Ms. Royel against a co-worker. Defendant requested the sealing of references to those allegations in its previous Motion to Redact, Doc. 123 at 4-5. These allegations are not relevant to the Plaintiff's claims. Those portions of the transcript that discuss these allegations (on pages 64-66) should be redacted due to the potential harms and legal reasons set forth in Doc. 123 at 4-5.

***Exhibit AD***

Exhibit AD is the Deposition transcript of Kirk Thompson. (Doc. 138-15). It contains the home address of Mr. Thompson (on page 8). This was already redacted in the copy of Exhibit AD sent to the Defendants and they do not object to that redaction considering the legal basis for

it set forth in Doc. 123 at 3-4.[2] The transcript also includes personal health information for Mr. Thompson (on pages 16-18), which should be redacted for the legal reasons set forth in Doc. 123 at 5-6. It further contains references by Plaintiff's counsel to embarrassing and sensational allegations made against a non-party co-worker. Defendant requested the sealing of references to those allegations in its previous Motion to Redact, Doc. 123 at 4-5. Those portions of the transcript that discuss these allegations (on pages 40-42) should be redacted due to the potential harms and legal reasons set forth in Doc. 123 at 4-5.

***Exhibit AE***

Exhibit AE is the Corporate Representative Deposition transcript of Mary McAferty. (Doc. 135-4). It was not filed under seal but the Defendant believes it should have been filed under provisional seal. It contains personal information and employment history, including termination, for several non-party employees at the KBI. To avoid reputational, economic, and emotional harm to these non-parties, those portions of the transcript that discuss their employment records (on pages 47-57 and 92-93) should be redacted for those legal reasons set forth in Doc. 123 at 2-3 (regarding non-party names), 5 (regarding information about employee discipline), and 7-9 (regarding personal details such as job history).

***Exhibit AF***

Exhibit AF is the Deposition transcript of the Plaintiff Deborah C. Broil. (Doc. 138-16). It contains references to embarrassing and sensational allegations made regarding a non-party co-worker. Defendant requested the sealing of references to those allegations in its previous Motion to Redact, Doc. 123 at 4-5. Those portions of the transcript that discuss these allegations (on

---

[2] Exhibit AH also contains a redaction of a mailing address for the Plaintiff. Defendants do not object to that redaction.

pages 208-209) should be redacted due to the potential harms and legal reasons set forth in Doc. 123 at 4-5.

***Exhibit AP***

Exhibit AP is an email that contains a potentially embarrassing allegation against a non-party co-worker. (Doc. 138-17). To avoid reputational, economic, and emotional harm to this non-party, the name of the non-party coworker should be redacted for those legal reasons set for in Doc. 123 at 2-3 (regarding non-party names) and 4-5 (regarding embarrassing allegations).

***Exhibits AT and BF***

Exhibits AT and BF are collections of notes regarding employees at the KBI (Docs. 138-20 & -23). The notes include some information about the Plaintiff. However, the vast majority of the information included in each exhibit contains personal information and employment history for several non-party employees at the KBI. It also contains private medical information of non-parties. To avoid reputational, economic, and emotional harm to these non-parties, and the disclosure of private medical information, Exhibits AT and BF should be sealed for the reasons set forth in Doc. 123 at 2-3 (regarding non-party names), 5 (regarding employee discipline), 5-6 (regarding medical information), and 7-9 (regarding personal details such as job history). Defendant requests the sealing of both exhibits because of the length of the documents and because the majority of the content would be subject to redaction. As such, redaction is not practicable. As stated above, Plaintiff does not object to the sealing of these exhibits.

***Plaintiff's Response Doc. 134***

Plaintiff's Response contains embarrassing and sensational allegations made against a non-party co-worker. Defendant requested the sealing of references to those allegations in its previous Motion to Redact, Doc. 123 at 4-5. These allegations are not relevant to the Plaintiff's claims. However, the Plaintiff has included them in Plaintiff's Statement of Fact 12A and in her

arguments. (Doc. 134 at 23-24, 40, 53). Those portions of the transcript that discuss these allegations should be redacted due to the potential harms and legal reasons set forth in Doc. 123 at 4-5.

***Conclusion***

Although a presumption exists in favor of public access, strong privacy interests in this case support redacting these records. The potential risks of harm outweigh the public interest in accessing the information. For the above reasons, Defendant requests that Exhibits AT and BF be sealed and that Exhibits K, M, O, S, AA, AD, AE, AF, and AP be redacted as proposed.[3] Additionally, Defendant requests that Plaintiff's Response be redacted as proposed.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ James Eric Todd*
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
James.Todd@ag.ks.gov
Tel: (785) 296-2215
Fax: (785) 291-3767
*Attorney for the Defendant*

Matthew L. Shoger, KS No. 28151
Assistant Attorney General / Deputy Chief Counsel
Kansas Bureau of Investigation
1620 SW Tyler St.
Topeka, Kansas 66612
matt.shoger@kbi.ks.gov

---

[3] Defendant notes that it marked several other filed exhibits with "Confidential – Subject to Protective Order" during discovery. Although Defendant identified various privileges and/or other confidentiality concerns regarding those documents, Defendant has chosen to waive them for purposes of those particular filed documents for purposes of the Motion for Summary Judgment.

(785) 296-8200
Fax: (785) 296-0915
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st of October, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Erin N. Vernon
Sylvia Hernandez
erin@bvtrialattys.com
sylvia@bvtrialattys.com
Baldwin & Vernon Trial Attorneys, LLC
108 South Pleasant Street
Independence, MO 64050
*Attorneys for Plaintiff*

*/s/ James Eric Todd*
James Eric Todd
Assistant Attorney General