IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **DEBORAH (DC) C. BROIL,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 2:24-CV-02029** |
| | ) |
| **v.** | ) |
| | ) |
| **STATE OF KANSAS, KANSAS BUREAU OF INVESTIGTION AND ITS REPRESENTATIVES** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION, IN PART, TO DEFENDANT'S MOTION TO REDACT**

COMES NOW Plaintiff, D.C. Broil, by and through her attorneys of record, and provides the following arguments in opposition, in part, to demonstrate why the Court should deny some of the requests in Defendant's Motion to Seal or Redact (Doc. 141).

## I. INTRODUCTION

In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff filed some exhibits provisionally under seal. (Doc. 138). Defendant has now filed a Motion to Seal or Redact some of those exhibits, including Exhibits K, M, O, S, AA, AD, AE, AF, AP, AT, and BF. Additionally, Defendant seeks to redact from the public Plaintiff's statement of fact 12A along with corresponding references to it on pages 40 and 54. (Doc. 134).

Plaintiff does not oppose the sealing of Exhibits AT and BF. For purposes of summary judgment only, and without conceding that any of the information is confidential or waiving any position on its use at trial, Plaintiff also does not oppose the proposed redactions to Exhibits K, M, O, S, AA, AD, AE, AF, and AP. Plaintiff opposes only one part of the motion, Defendant's request to redact Plaintiff's summary judgment brief itself, namely Statement of Additional Fact ("PSOF")

12A and the sentences citing it on pages 40 and 53 of Plaintiff's Response (Doc. 134 at 23–24, 40, 53). That request should be denied.

## II. ARGUMENT

Federal courts have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. *Crystal Grower's*, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. *Id.*; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). **The party seeking to overcome the presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents.** *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted)[emphasis added]. To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. *Colony Ins.*, 698 F.3d at 1242; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

*Douglass v. Garden City Community College*, No. 20-2076-KHV, (D. Kan. Aug. 25, 2020).

Under D. Kan. Rule 5.4.2 the proponent that seeks to make redactions to documents to be filed in the public record, must show the following:

(2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction);

(3) a clearly defined and serious injury that would result in the absence of restricting public access;

(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question;

Under Federal Rules of Civil Procedure 5.2(a) permits redaction of limited information, stating: "in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number."

Defendant's proposed redactions attempt to expand the rules. Defendant however, has not showed that their interest outweighs the presumption of public access. There is no serious injury in allowing such testimony to be public.

**Exhibit K**

For purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit M and O**

For purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit S**

For purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AA**

Plaintiff does not object to the address redaction on page 5. Regarding the testimony redactions on pages 64-66, while Plaintiff disagrees with Defendant on the need for it being redacted, for purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AD**

Plaintiff does not object to the address redaction on page 8 and on personal health information on pages 16 to 18. Regarding the testimony redactions on pages 40-42, while Plaintiff disagrees with Defendant on the need for it being redacted, for purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AE**

For purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AF**

Defendant seeks to redact the testimony on pages 208-209, while Plaintiff disagrees with Defendant on the need for it being redacted, for purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AP**

For purposes of Summary Judgment only, Plaintiff does not object.

**Exhibit AT and BF**

For purposes of Summary Judgment only, Plaintiff does not object.

**Plaintiff's Response Doc. 134**

Defendant asks the Court to black out portions of Plaintiff's response brief to summary judgment, the very category of document to which the "strong presumption of access attaches."

*Colony*, 698 F.3d at 1241-41. The Courts have previously held that, "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id* at 1242 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir.2006)). "[T]he parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id* (citing *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011).

The passages at issue are not stray references. They are the record support for two of Plaintiff's arguments: that her November 10, 2021 complaint was protected opposition grounded in a reasonable, good-faith belief (Doc. 134 at 39–40), and that KBI treated Schieferecke, a male comparator who reports to the same supervisor, more favorably than it treated Plaintiff (*id.* at 51–53).

Defendant says the passages are "not relevant to the Plaintiff's claims." Doc. 141 at 5. That is a merits argument, and Defendant may make it in its reply. It is not a basis for sealing. Whether the Court ultimately finds this evidence persuasive or not, the public is entitled to see what Plaintiff argued and what the Court considered in deciding a dispositive motion.

1. **The information Defendant seeks to redact is already in the public record, placed there by Defendant.**

Defendant itself publicly filed the substance of what is now seeks to redact. On July 29, 2026, Defendant filed, without seal or redaction, Ex. 81, which is Plaintiff's Responses to Defendant's First Request for Admissions. Doc. 120-78. Plaintiff's sworn response to Request No. 11 states that "Plaintiff's coworker Schiefereke made racially offensive comments and even referred to Plaintiff as a 'n*ger' and 'Black Bitch.'" Defendant's Ex. 81, p. 2, Request No. 11. Defendant relied on that exhibit in its statement of facts. *See* Doc. 120, Def. SOF 13.

When the information a movant seeks to seal has already been disclosed publicly, the asserted privacy interest is correspondingly weaker. *See Mann*, 477 F.3d at 1149 (prior public disclosure of the information "further undermin[ed]" the asserted privacy concerns).

2. **<u>Defendant identifies no clearly defined and serious injury.</u>**

Defendant relies on the generalized concern that the testimony could cause "reputational, economic, and emotional harm" to Schieferecke, could harm Defendant's reputation, and could prejudice a future jury. Doc. 141 at 5–6 (incorporating Doc. 123 at 4–5). None of those concerns is the "clearly defined and serious injury" Rule 5.4.2(c) requires.

First, Schieferecke is not a peripheral non-party whose name happens to appear in an exhibit. His conduct is the subject of the protected complaint at the center of Plaintiff's retaliation claim, and he is one of Plaintiff's identified comparators. Defendant's own authority states it permits redacting the "names of non-parties whose conduct isn't relevant to this lawsuit." Doc. 123 at 2 (quoting *Fullington v. Ill. Tool Works, Inc.*, No. 21-2287-DDC, 2022 WL 1538679, at *2 (D. Kan. May 16, 2022)). Yet, here Schieferecke's conduct is relevant, Defendant's own statement of facts devotes ten paragraphs to it. Def. SOF 131–40.

Second, the passages do not repeat a litigant's unsworn accusations. Instead, they accurately report the sworn deposition testimony of Defendant's own employee, with pinpoint citations, offered to prove elements of Plaintiff's claims. This is not a case of court files being used "to gratify private spite or promote public scandal." *Nixon*, 435 U.S. at 598 (quotation omitted). A person's embarrassment at sworn testimony about his workplace conduct, offered for a legitimate purpose in a case already public, does not overcome the presumption of access.

Third, any interest Defendant has in its own reputation weighs against sealing, not for it. Defendant is a state law enforcement agency, and how it responded to an employee's complaint of racial harassment is a matter of legitimate public concern.

Finally, concerns about a future jury are addressed through motions in limine and voir dire, which are the tools designed for that purpose. They are not a reason to redact a summary judgment brief.

## III. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Motion to Seal or Redact (Doc. 141) insofar as it seeks to redact Plaintiff's Response (Doc. 134), and grant the remainder of the motion as unopposed for purposes of summary judgment only, without prejudice to Plaintiff's position on the confidentiality and use of that information at trial.

Respectfully submitted,

**Baldwin & Vernon Trial Attorneys, LLC**

By: /s/ ***Sylvia Hernandez***
Erin N. Vernon, KS Bar No. 25792
Sylvia Hernandez, KS Bar No. 78914
108 S Pleasant St.
Independence, MO.
Tel: (816) 842-1102
Fax (816) 842-1104
Erin@bvtrialattys.com
Sylvia@bvtrialattys.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was transmitted via CM/ECF electronic filing this 5th day of October 2026, to all counsel of record.

By: *_/s/ Sylvia Hernandez_*
Sylvia Hernandez, Attorney for Plaintiff