**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DEBORAH (DC) C. BROIL,**

**Plaintiff,**

**v.**

**STATE OF KANSAS, KANSAS BUREAU OF INVESTIGATION AND ITS REPRESENTATIVES,**

**Defendant.**

**Case No. 24-CV-2029-DDC-RES**

**REPLY IN FURTHER SUPPORT OF MOTION TO SEAL OR REDACT**

Defendant the Kansas Bureau of Investigation submits this Reply in further support of its Motion to Seal or Redact (Doc. 141). Defendant asserts that Plaintiff's Response (Doc. 143) fails to overcome the legal arguments in its Motion. Accordingly, Defendant's Motion should be granted in its entirety. Defendant incorporates herein, as if set forth in full, the arguments and authorities in its Motion. (Doc. 141). Defendant's Motion should be granted for the reasons previously stated.

Most of the requested remedies asked for in Defendant's Motion are unopposed. Plaintiff does not oppose sealing Exhibits AT and BF. (Doc. 143 at 1, 4). And Plaintiff does not oppose redacting Exhibits K, M, O, S, AA, AD, AE, AF, and AP. (Doc. 143 at 1, 3-4). Plaintiff only opposes redactions to Plaintiff's summary judgment brief itself regarding certain sensational allegations. (Doc. 143 at 1-2).

Yet Plaintiff has already waived the right to oppose redactions of this subject matter. Plaintiff did not oppose Defendant's earlier motion that sought to redact the same subject matter in other documents. (*See* Doc. 128 at 1 (withdrawing Plaintiff's earlier reply); Doc. 127 at 1 (explaining that Plaintiff's earlier reply was out of time, so the earlier motion should be

considered uncontested); Doc. 123 at 4-5 (seeking to redact the same subject matter)). Plaintiff cites no authority to support that if material should rightly be redacted from the public docket in some filed documents, that it should not be redacted in another filed document. The subject matter of the material to be redacted is what matters, not the category of document. This Court has previously redacted "summary judgment response briefs" upon motion by an opposing party to "redact information from sealed exhibits." *See, e.g., Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *4 to *5. Defendant requests that the Court do the same here.

Plaintiff says that "Schieferecke's conduct is relevant" as "Defendant's own statement of facts devotes ten paragraphs to it." (Doc. 143 at 6). But Defendant's statement of facts devotes ten paragraphs to the actual conduct alleged by Plaintiff in the Pretrial Order to demonstrate that no disparate treatment occurred. (*Compare* Doc. 113 at 6-7 (allegations about Schieferecke) *with* Doc. 120 at SOF ¶ 131-40 (addressing those allegations)). That does not make every conceivable allegation about Schieferecke's conduct relevant to the current claims.

Plaintiff says the sensational allegations are relevant because they form:

> the record support for two of Plaintiff's arguments: that her November 10, 2021 complaint was protected opposition grounded in a reasonable, good-faith belief . . . and that KBI treated Schieferecke, a male comparator who reports to the same supervisor, more favorably than it treated Plaintiff.

(Doc. 143 at 5). But Plaintiff does not contest any of the following facts that Defendant incorporated by reference into its Motion:

> These allegations are not contained in Plaintiff's allegations in the pretrial order. Further, no allegations have been made that this information was ever communicated to Plaintiff or to her supervisors. In fact, those same pages demonstrate that Plaintiff's supervisors were not aware of those allegations.

(Doc. 123 at 4; *see also* Doc. 141 at 2 (incorporating the argument by reference)). And Plaintiff admitted she herself did not know about the sensational allegations until the middle of this

lawsuit, long after any alleged discrimination, long after any complaints she made to the Defendant, and long after any alleged retaliation. (*See* Doc. 138-16 at 208:23-209:5 (admitting to never having heard the alleged comments); Doc. 99 at 4, 9 (framing these allegations, which she previously sought to add to her complaint, as "newly discovered facts" that she "uncovered during discovery")). If Plaintiff and Plaintiff's supervisors were both unaware of the alleged conduct, then no plausible legal theory connects these allegations to Plaintiff's current claims.

Plaintiff says that this is a "merits argument" and that Defendant can address it in a reply brief in support of the motion for summary judgment. (Doc. 143 at 5). Defendant will do so. But it is also legally relevant to the Court weighing the public interest in access to this information. Lack of relevance to the current claims means the public interest in access to this information is minimal. *See Hobbs v. Sunflower Bank, N.A.*, No. 24-2287-DDC, 2025 WL 3041836, at *10 (D. Kan. Oct. 31, 2025) (quoting *Ol Private Counsel, LLC v. Olson*, No. 21-cv-455, 2025 WL 1724651, at *9 (D. Utah June 20, 2025)) ("Where the content of these emails appears irrelevant to the issues raised on summary judgment, public interest in access is minimal."). The weight to place on the public interest in access matters for whether "competing interests here outweigh the public's right of access." *See id.*

Plaintiff says that how "a state law enforcement agency . . . responded to an employee's complaint of racial harassment is a matter of legitimate public concern." (Doc. 143 at 7.) While Defendant does not contest that broad general proposition, it simply does not apply here. The allegations sought to be redacted were not the subject of any complaints of racial harassment by anyone, not by Plaintiff and not by of any Plaintiff's coworkers. Plaintiff never complained about, nor even knew about, the allegations sought to be redacted until long after any complaints she made.

Plaintiff says that "concerns about a future jury are addressed through motions in limine and voir dire, which are the tools designed for that purpose." (Doc. 143 at 7.) Plaintiff suggests without citing legal authority that redaction is not appropriate for that purpose. But Plaintiff fails to address the legal precedent Defendant already cited that suggested otherwise. (Doc. 123 at 4 (citing *Friedman*, 672 F. Supp. 2d at 60) ("Sensational disclosure that will cause a party prejudice in later proceedings goes to the appropriateness of sealing."); *see also* Doc. 141 at 2 (incorporating that argument by reference)).[1] Legal authority supports redaction *and* would also support a motion in limine and relevant voir dire questions later in the case.

Plaintiff points out that another place in the record also makes these same sensational and irrelevant allegations without being under seal. (Doc. 143 at 5). Defendant is filing another motion contemporaneously with this Reply to remedy the inadvertent filing.

Plaintiff repeats the same allegations sought to be sealed in her current Response (Doc. 143 at 5). Defendant's new motion will also seek to redact Plaintiff's current Response (Doc. 143). Defendant requests that the Court provisionally seal Doc. 143 pending resolution by the

---

[1] The *Hubbard* case that Defendant cited (Doc. 123 at 4) also clarified that courts sometimes limit public access to "to minimize the danger of an unfair trial by adverse publicity." 650 F.2d at 315-16. And *Hubbard* in turn cites *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378-79 (1979), for that point, which explains further why limiting public access may be necessary to keep inadmissible prejudicial information from future jurors:

> The danger of publicity concerning pretrial suppression hearings is particularly acute, because it may be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial. After the commencement of the trial itself, inadmissible prejudicial information about a defendant can be kept from a jury by a variety of means. When such information is publicized during a pretrial proceeding, however, it may never be altogether kept from potential jurors. Closure of pretrial proceedings is often one of the most effective methods that a trial judge can employ to attempt to insure that the fairness of a trial will not be jeopardized by the dissemination of such information throughout the community before the trial itself has even begun.

Court of the motions to seal or redact.

For these reasons and the reasons expressed in Defendant's Motion to Seal or Redact (Doc. 141), Defendant requests that the Court grant its Motion in full.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ James Eric Todd*
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
James.Todd@ag.ks.gov
Tel: (785) 296-2215
Fax: (785) 291-3767
*Attorney for the Defendant*

Matthew L. Shoger, KS No. 28151
Assistant Attorney General / Deputy Chief Counsel
Kansas Bureau of Investigation
1620 SW Tyler St.
Topeka, Kansas 66612
matt.shoger@kbi.ks.gov
(785) 296-8200
Fax: (785) 296-0915
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Erin N. Vernon
Sylvia Hernandez
erin@bvtrialattys.com
sylvia@bvtrialattys.com
Baldwin & Vernon Trial Attorneys, LLC
108 South Pleasant Street
Independence, MO 64050
*Attorneys for Plaintiff*

*/s/ James Eric Todd*
James Eric Todd
Assistant Attorney General