**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **DEBORAH (DC) C. BROIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:24-CV-02029** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF KANSAS, KANSAS BUREAU OF INVESTIGTION AND ITS REPRESENTATIVES** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDACT (Doc. 145) AND MOTION TO PROVISIONALLY SEAL (Doc. 146)**

COMES NOW Plaintiff, D.C. Broil, by and through her attorneys of record, and provides the following arguments in opposition to Defendant's Motion to Redact (Doc. 145) and Defendant's Motion to Provisionally Seal (Doc. 146). Both motions should be denied.

## I. INTRODUCTION

On July 29, 2026, Defendant filed Exhibit 81 to its Motion for Summary Judgment on the public docket, without seal and without redaction. (Doc. 120-78.) That same day, Defendant used Rule 5.4.2 to file nine other exhibits provisionally under seal. (Doc. 121.) One week later, Defendant filed its Motion to Redact or Seal and it left Exhibit 81 out of that motion. (Doc. 123.) On October 1, 2026, Defendant filed a second motion to seal or redact and again left Exhibit 81 out. (Doc. 141.) Exhibit 81 remained public for sixty-nine days before Defendant decided to redact it.

Defendant moved to redact Exhibit 81 only after Plaintiff pointed out, in her October 5 response, that Defendant could not credibly ask the Court to remove from Plaintiff's brief information that Defendant itself had placed, and left, in the public record. (Doc. 143 at 5–6.)

Defendant's Reply says so directly: "Plaintiff points out that another place in the record also makes these same . . . allegations without being under seal. Defendant is filing another motion contemporaneously with this Reply to remedy the inadvertent filing." (Doc. 144 at 4.) Defendant now asks the Court to redact its own exhibit, to redact the response in which Plaintiff pointed out the problem, and in the meantime to seal Plaintiff's summary judgment brief and her response in their entirety.

At the same time, Defendant tells the Court that Plaintiff waived her right to oppose any of this because she withdrew her response to a different motion, about different documents, two months ago. That is not what waiver means. And the right at stake, the public's right of access to judicial records, was never Plaintiff's to waive.

## II. PROCEDURAL HISTORY

1. On July 29, 2026, Defendant filed its Motion for Summary Judgment and supporting memorandum. (Docs. 119, 120.) The same day, Defendant filed Exhibits 9, 10, 61, 76, 77, 78, 79, 80, and 82 provisionally under seal and filed a Notice of Proposed Sealed Record. (Docs. 121, 122.)

2. Also on July 29, 2026, Defendant publicly filed Exhibit 81, Plaintiff's Responses to Defendant's First Requests for Admission, without seal or redaction. (Doc. 120-78.)

3. On August 5, 2026, Defendant moved to redact portions of the provisionally sealed exhibits. (Doc. 123.) That motion did not seek to seal or redact Exhibit 81.

4. On August 20, 2026, Plaintiff's withdrew her response in opposition to Defendant's Motion to Redact (Doc. 123) which asked to redact **only** portions of Exhibits 7, 9, 10, 61, 76-80, and 82. (Docs. 123, 126, 128) [emphasis added]. There was no ruling on Defendant's Motion to Redact.

5. On September 24, 2026, Plaintiff filed her Response to Defendant's Motion for Summary Judgment (Doc. 134) and filed certain exhibits provisionally under seal (Doc. 138).

6. On October 1, 2026, Defendant moved to seal or redact certain of Plaintiff's exhibits and portions of Plaintiff's summary judgment brief. (Doc. 141.) That motion did not seek to seal or redact Exhibit 81.

7. On October 5, 2026, Plaintiff responded, opposing only the request to redact her summary judgment brief, and noted that Defendant had itself placed the same subject matter on the public docket in Exhibit 81. (Doc. 143 at 5–6.)

8. On October 6, 2026, Defendant filed its Reply (Doc. 144), its Motion to Redact Exhibit 81 and Plaintiff's Response (Doc. 145), and its Motion to Provisionally Seal Docs. 120-78, 134, 135-4, and 143 (Doc. 146). Defendant did not confer with Plaintiff's counsel before filing. (Doc. 145 at 2.)

## III. LEGAL STANDARD

Plaintiff incorporates the legal standard set out in her prior Response. (Doc. 143 at 2–3.) In short, the public has a common-law right of access to judicial records, which may be overcome only where "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). **The party seeking to restrict access bears that burden**. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)[emphasis added]. Where, as here, the documents are used to determine the parties' substantive rights on a dispositive motion, "a strong presumption of access attaches." *Colony,* 698 F.3d at 1241-42 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir.2006)). Under D. Kan. Rule 5.4.2(c), the movant must describe the specific, narrowly tailored portions to

be restricted, the confidentiality interest and why it outweighs the presumption of access, "a clearly defined and serious injury" that would result without restriction, and why no lesser alternative is practicable.

## IV. ARGUMENT

### A. <u>Plaintiff Did Not Waive Her Right to Oppose Redaction of Documents That Were Not Before the Court in Doc. 123.</u>

Defendant argues that their motion to now redact is "unopposed after Plaintiff withdrew her response." (Doc. 146 at ¶16). While it is true that Plaintiff withdrew her response to Defendant's earlier motion, Doc. 123, that does not automatically transfer or apply to future motions. Defendant argument fails for three independent reasons.

#### *1. Doc. 123 was a motion to redact specific exhibits, not a standing order governing a subject matter, accordingly Plaintiff did not waive the right to oppose future redactions to different documents.*

Defendant's initial motion to redact, Doc. 123, asked the Court to redact specific exhibits: Exhibits 7, 9, 10, 61, 76-80, and 82. (Docs. 123). It was not a motion to redact the subject matter forever, wherever it might later appear. It did not ask the Court to redact Plaintiff's summary judgment brief, Plaintiff's later filings, or Exhibit 81, which Defendant chose to leave on the public docket. The consequence of not responding to a motion under D. Kan. Rule 7.1(c) is that "the motion" is decided as uncontested. That consequence attaches to the motion that was filed and the documents it addressed. Plaintiff's position on Doc. 123 says nothing about documents that did not yet exist when it was filed, or about an exhibit Defendant elected not to include in it.

Withdrawing a response to a motion directed at nine identified exhibits is not an intentional relinquishment of the right to oppose a different motion, filed seven weeks later, seeking to redact Plaintiff's own summary judgment brief. Defendant cites no authority holding that a party's non-opposition to one sealing motion forfeits its ability to oppose a later motion directed at different

filings. Defendant fails to cite any case regarding waiver. Based on the foregoing, Plaintiff did not waive the right to oppose redaction of this subject matter, as Defendant's motion was not to redact forever a subject matter but to only redact portions of specific exhibits.

***3. The right of access belongs to the public, and it is not Plaintiff's to waive.***

The presumption of access exists to protect the public's interest in understanding disputes presented to a public forum for resolution, and in assurance that the courts are run fairly. *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461–62 (10th Cir. 1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). This Court's rule makes the point explicit: even an agreement between the parties is "insufficient" by itself to justify restricting public access. D. Kan. Rule 5.4.2(c). If the parties' express agreement cannot justify restricting access, Plaintiff's silence on a different motion cannot do so either. Whatever Plaintiff did or did not oppose, the Court must still decide, document by document, whether Defendant has shown that its asserted interest heavily outweighs the public's interest. Defendant's own previous argument implicitly concedes this: as it goes on to ask the Court to weigh the public interest in access. (Doc. 144 at 3.) That weighing would be unnecessary if waiver resolved the question.

***4. Under Rule 5.4.2, waiver runs against the party seeking confidentiality, not the party opposing it.***

Rule 5.4.2 contains its own waiver provision, and it applies to the party that wants secrecy and does not timely pursue it: a Proponent "that . . . does not timely file a motion to seal or redact in accordance with subsection (c) waives its right to maintain that the filing contains confidential information." D. Kan. Rule 5.4.2(d). Nothing in the Rule makes an opposing party's silence a waiver. The Rule puts the burden, and the consequence of delay, on the party seeking to restrict access. If anyone's conduct reflects relinquishment of a claimed confidentiality interest, it is

Defendant's as they filed Exhibit 81 publicly, cited it in its own statement of facts, omitted it from two sealing motions, and left it on the public docket for sixty-nine days.

**B. Defendant's Motion, Doc. 145, Should be Denied as Exhibit 81 should Not be Redacted, Defendant Placed Exhibit 81 in the Public Record, Left it there for Sixty-Nine Days, and Moved Only After Plaintiff Pointed It Out.**

***1. Defendant knew the procedure and chose not to use it for Exhibit 81, thus waiving their right to maintain that filing confidential.***

Rule 5.4.2 provides a clear mechanism for a party that believes a filing contains confidential information: file it provisionally under seal, then move to seal or redact within seven days. D. Kan. Rule 5.4.2(a)–(c). Defendant used that exact procedure on July 29, 2026 for nine other exhibits. (Docs. 121, 122.) It did not use it for Exhibit 81. A week later, Defendant filed Doc. 123, asking to redact specific portions of exhibits and again did not include Exhibit 81. On October 1, Defendant filed Doc. 141, a Motion to Redact or Seal and again left Exhibit 81 public. Defendant had Exhibit 81 in hand throughout: it selected the exhibit, filed it, and cited it in its statement of facts. (Doc. 120, SOF ¶¶ 13, 81.) Defendant's own argument against Plaintiff, applies to themselves rather than Plaintiff, as Defendant has waived its right to maintain that the filing contains confidential information, by not timely filing a motion to seal or redact and leaving the exhibit public for sixty-nine days. D. Kan. Rule 5.4.2(d).

***2. Defendant moved to redact only because Plaintiff pointed it out.***

Defendant's Reply acknowledges that it filed Doc. 145 in response to Plaintiff's observation that the same information was already public in Defendant's own exhibit. (Doc. 144 at 4.) Thus, causing Defendant to file Doc. 145. Defendant did not seek to redact Exhibit 81 for sixty-nine days. It did so only when Exhibit 81 became an obstacle to its effort to redact Plaintiff's brief. A party cannot leave information on the public docket while it causes no inconvenience, and then seek to remove it once its opponent relies on it. Defendant now seeks to redact not only its

own exhibit but also the very response in which Plaintiff identified the inconsistency, Doc. 143. Yet, Plaintiff was able to cite to the document and include that language as Exhibit 81 was never redacted or filed under seal. Accordingly, Plaintiff's response (Doc. 143) should not be redacted as Plaintiff was able to cite to Exhibit 81 as it was not redacted, and Defendant waived its right to redact it.

***3. "Excusable neglect" is asserted, not shown.***

Defendant's only explanation is a single sentence: "Due to excusable neglect, Defendant mistakenly filed Exhibit 81 when it should have been filed provisionally under-seal." (Doc. 146 ¶ 17.) To the extent Defendant seeks relief from the time limits of Rule 5.4.2, it must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect encompasses "inadvertence, carelessness, and mistake," and may be found where a party's failure to comply with filing deadlines is attributable to negligence. *Goodwin v. GMC*, No. 02-2606-JWL, 2004 U.S. Dist. LEXIS 121, at *4 (D. Kan. Jan. 5, 2004); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)(citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993)). Excusable neglect will not be found, however, where there has been abuse by a party. *Id.* And "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

Defendant offers no reason at all. It does not explain how Exhibit 81 came to be filed publicly when nine companion exhibits were filed under seal the same day, why it omitted Exhibit 81 from Doc. 123 and from Doc. 141, or why it did not notice for sixty-nine days an exhibit it had cited in its own statement of facts. Every part of the delay was within Defendant's control. A conclusory label is not a showing.

***4. Defendant's own conduct undercuts the injury it now claims.***

Rule 5.4.2(c) requires "a clearly defined and serious injury that would result in the absence of restricting public access." A party that genuinely faced such an injury would not leave the information on the public docket for more than two months, cite the exhibit containing it in its own statement of facts, and twice omit it from its own motions to redact or seal. Defendant's conduct is the best evidence of how serious it considered the risk until the information became inconvenient to its position.

***5. Information Defendant Itself Made Public Cannot Now Be Made Private.***

Exhibit 81 has been on the public docket, available to anyone through PACER, since July 29, 2026. When the information a movant seeks to seal has already been publicly disclosed, the asserted privacy interest is correspondingly weaker. *See Mann*, 477 F.3d at 1149 (prior public disclosure of the information "further undermin[ed]" the asserted privacy interest). Redacting Exhibit 81 and Plaintiff's filings now cannot undo Defendant's own disclosure. It would only prevent the public from seeing how the information was used in a dispositive motion.

Moreover, Exhibit 81 is not a third party's gossip. It consists of Plaintiff's own sworn responses to requests for admission that Defendant served, received, and then chose to file. The "allegations" Defendant describes as between "a co-worker [and] another co-worker" (Doc. 145 at 2) concern how a KBI employee referred to Plaintiff herself, an African American forensic scientist who is suing Defendant for discrimination and retaliation. (Doc. 120-78, Resp. to Req. No. 11.) How the Court ultimately weights that evidence on the merits, is not a matter so remote from this case that the public's interest in access is "minimal."

### C. Defendant's Untimely Motion to Provisionally Seal, Doc. 146, Should Be Denied.

#### *1. Rule 5.4.2 does not provide for a non-filing party to retroactively "provisionally seal" public filings.*

Rule 5.4.2(a) permits "[t]he filing party" to "provisionally file a document that it reasonably believes may contain confidential information under seal." Provisional sealing is a mechanism used by the filing party at the time of filing. It is not a tool for an opposing party to remove another party's public filings from the docket after the fact.

The request to provisionally seal Doc. 120-78 (Defendant's Exhibit 81) is untimely, this exhibit was publicly filed on July 29, 2026, it was not filed provisionally under seal at that time, and it was not in Defendant's subsequent motions to redact. (Doc. 120, 121, 122, 123, 141). For the reasons stated in subsection B of this brief, this request should be denied.

The request to provisionally seal Docs. 134 and 135-4, is also untimely, these were filed publicly on September 24, 2026. Defendant's request to redact Doc. 134, Plaintiff's Response to Defendant's Motion for Summary Judgment, has been fully briefed. (Docs. 141, 143, 144.) Furthermore, Defendant's request to redact 135-4 (Plaintiff's Exhibit AE) has been briefed and Plaintiff did not object for purposes of Summary Judgment only. Thus, sealing the complete document is unnecessary.

The request to provisionally seal Doc. 143, is also untimely, this was filed on October 5, 2026, it did not have to be filed under seal and it only mentioned exhibits and information that were filed by Defendant publicly and not under seal or redactions. For the reasons stated in subsection B of this brief, this request should be denied.

#### *2. Sealing entire briefs is the opposite of narrow tailoring.*

Defendant requests to retroactively file under seal complete documents on their entirety. Doc. 120-78 (Defendant's Exhibit 81) is a complete exhibit, and 135-4 (Plaintiff's Exhibit AE) is

a complete deposition. Doc. 143 is an eight-page brief that consists almost entirely of legal argument and Plaintiff's non-opposition to most of Doc. 141; Defendant identifies only a single page as containing the material at issue. (Doc. 146 ¶ 24 (citing Doc. 143 at 5).) Doc. 134 is Plaintiff's full response to Defendant's Motion for Summary Judgment, the category of document to which the strongest presumption of access attaches, and Defendant's own motion targets only one statement of fact and two sentences. (Doc. 141). Sealing whole briefs to address a few sentences is not narrowly tailored, and Defendant does not explain why no lesser alternative is not practicable. D. Kan. Rule 5.4.2(c)(1), (4).

**V. CONCLUSION**

Defendant chose to file Exhibit 81 publicly, relied on it, omitted it from two motions to redact or seal, and left it on the public docket for sixty-nine days. It moved to redact only after Plaintiff pointed out the inconsistency, and it now seeks to redact the very filing that identified it. Plaintiff has waived nothing, and the public's right of access was never hers to waive. Defendant's request is untimely as Defendant itself waived its right to maintain that the filing contains confidential information.

Plaintiff respectfully requests that the Court deny Defendant's Motion to Redact (Doc. 145) and Defendant's Motion to Provisionally Seal (Doc. 146). In the alternative, should the Court be inclined to grant any relief, Plaintiff requests that any restriction be limited to narrowly tailored redaction of the specific sentences at issue, rather than sealing of entire documents.

Respectfully submitted,

**Baldwin & Vernon Trial Attorneys, LLC**

By: /s/ ***Sylvia Hernandez***
Erin N. Vernon, KS Bar No. 25792

Sylvia Hernandez, KS Bar No. 78914
108 S Pleasant St.
Independence, MO.
Tel: (816) 842-1102
Fax (816) 842-1104
Erin@bvtrialattys.com
Sylvia@bvtrialattys.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was transmitted via CM/ECF electronic filing this 9th day of October 2026, to all counsel of record.

By: */s/ Sylvia Hernandez*
Sylvia Hernandez, Attorney for Plaintiff